421 So.2d 754 (1982)
STATE of Florida, Appellant,
v.
Donald Howard REED, Appellee.
No. 81-2158.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
*755 Jim Smith, Atty. Gen., Tallahassee, and Trela J. White, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance for appellee.
HERSEY, Judge.
The state appeals from an order granting a defense motion to suppress a confession in a sexual battery case. We reverse.
The defense filed two motions on October 13, 1981: a motion to compel examination of the scene and a motion to suppress. At the hearing on November 9, 1981 the trial court called both motions to be heard. Apparently the state had not anticipated that the motion to suppress was to be heard at that time. The witnesses were unavailable and the state was otherwise unprepared to sustain its affirmative burden of showing that the confession had been made voluntarily. The state requested a continuance representing to the court that defense counsel had agreed to have a hearing on the motion immediately before trial which was scheduled for the following week. The trial court refused to continue the hearing and, when the state was unable to produce its witnesses, granted the motion to suppress.
The record indicates that the complaining witness had been less than cooperative. It is understandable that the trial court wanted to move his docket along and perhaps became a little more impatient with the situation than he otherwise might have.
The presumption of correctness ordinarily attributed to the findings of the trial court does not apply here because there were no findings of fact. Ponder v. State, 323 So.2d 296 (Fla. 3d DCA 1975); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977). This case involves an exercise of discretion and the issue is whether there was an abuse of that discretion.
`Judicial discretion' does not imply that a court may act, or fail to act, according to the mere whim or caprice of the presiding judge, but it means a discretion exercised within the limits of the applicable principles of law and equity, and the exercise of which, if clearly arbitrary, unreasonable, or unjust, when tested in the light of such principles, amounting to an abuse of such discretion, may be set aside on appeal. This is `a government of laws and not of men.'
Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247 (1930). And see Matire v. State, 232 So.2d 209 (Fla. 4th DCA 1970).
It is always easier to assess a course of action in retrospect and at leisure rather than during the fray, and we therefore do not fault the trial court for responding to the situation in a manner designed to remedy delay. A motion for the suppression of a confession, however, is an extremely important matter having severe repercussions to the losing party, whether the state or the accused. For that reason it is imperative that both sides be given fair opportunity to be heard. Only where prejudice will result to the accused should simple neglect or attorney error be sanctioned with the extreme remedy of granting a motion to suppress a confession. No such prejudice appears on this record; accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
I would sustain the trial court's ruling since the record reflects that the hearing on the motion to suppress had been scheduled for several weeks and the state had been on notice of the hearing for that same period of time. In essence, we are reversing the trial court's decision to deny the state's *756 request for a continuance of the hearing and I do not believe there is any basis in the record for concluding that this constituted an abuse of discretion.