PER CURIAM.
Appellant, Jacques Barratteau, was charged by information with second degree murder. Upon trial the jury found him guilty as charged. The trial court adjudicated him guilty and sentenced him to one hundred thirty-four years imprisonment.
Appellant urges reversal of his conviction and sentence. The points relied upon for reversal are that (1) “the trial court erred in restricting the defendant’s cross-examination of a state witness, where such questioning was crucially relevant to the theory of the defense, in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States,” and (2) “the trial court erred in denying the defendant’s motion for mistrial where the prosecutor’s comments in closing argument, to the effect that the defendant had the burden to produce exculpatory evidence, violated the Fifth and Fourteenth Amendments to the Constitution of the United States.”
*1082 We have carefully considered the points on appeal in the light of the record, controlling principles of law, and briefs and arguments of counsel and have concluded that no reversible error has been demonstrated. Castor v. State, 365 So.2d 701 (Fla. 1978); A. McD. v. State, 422 So.2d 336 (Fla.3d DCA 1982); Bennett v. State, 405 So.2d 265 (Fla. 4th DCA 1981); Alvarez v. State, 401 So.2d 881 (Fla. 3d DCA 1981); Hufham v. State, 400 So.2d 133 (Fla. 5th DCA 1981); Phillips v. State, 351 So.2d 738 (Fla.3d DCA 1977), cert. denied, 361 So.2d 834 (Fla.1978); Frierson v. State, 339 So.2d 312 (Fla.3d DCA 1976); see Clark v. State, 363 So.2d 331 (Fla.1978).
An appellant, in a criminal case, has the burden of showing that the trial proceedings were so infected with prejudicial error as to compel a reversal of the judgment. Such error must be clearly demonstrated by appellant.
We find that no error was committed which injuriously affected any substantial rights of the appellant. Therefore the judgment and sentence are affirmed.
Affirmed.