GARRETT, Judge.
The state appeals the trial court’s granting of appellee’s motion to suppress.
A date was set to hear the motion to suppress physical evidence. The state requested a continuance when its only witness failed to appear at the hearing. The trial judge denied the motion to continue and granted the motion to suppress after the state rested without presenting any evidence to justify the warrantless search.
The real issue is whether the state’s motion for continuance should have been granted.
Denying a motion for continuance is within a trial judge’s discretion and his or her ruling will be disturbed only when that discretion has been abused. Bouie v. State, 559 So.2d 1113 (Fla.1990).
We distinguish State v. Reed, 421 So.2d 754 (Fla. 4th DCA 1982). In Reed the state and the defense had agreed to hear a motion to suppress a confession immediately before trial. A week before trial, the trial judge called a pending motion to compel for hearing and insisted that the suppression hearing also be heard on the same day. Apparently, the state was caught by surprise and could not produce any witness on such short notice. The motion to suppress was granted. The Reed court found an abuse of discretion.
Sub judice, the missing witness had been notified of the hearing and the state gave no explanation for his absence or any assurance that he would appear on a later date.
Accordingly, we find no abuse of discretion in the trial judge’s denial of the motion to continue and affirm the granting of the suppression order.
HERSEY, C.J., and DELL, J., concur.