HERSEY, Judge.
The state appeals from an order granting a defense motion to suppress in a possession of diazepam case. We affirm on. the authority of State v. Lawrence, 560 So.2d 400 (Fla. 4th DCA 1990).
The defense filed a motion to suppress physical evidence on November 2, 1990. At the hearing on December 3, 1990, the state requested a continuance because its two witnesses (police officers), who had been served with subpoenas, failed to appear; they chose instead to go to school in Jacksonville. The trial judge denied the motion to continue and granted the motion to suppress on the ground that, in view of its inability to produce its witnesses, the state failed to meet its burden to justify the warrantless stop and search of appel-lee.
The issue is whether the state’s motion for continuance should have been granted. Denying a motion for continuance is within a trial judge’s discretion and his or her ruling will be disturbed only when that discretion has been abused. State v. Lawrence, 560 So.2d 400 (Fla. 4th DCA 1990); Bouie v. State, 559 So.2d 1113 (Fla.1990); Magill v. State, 386 So.2d 1188 (Fla.1980), cert. denied, 450 U.S. 927, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1981).
In State v. Lawrence, 560 So.2d 400 (Fla. 4th DCA 1990), the state requested a continuance at a hearing on a motion to suppress physical evidence when its only witness failed to appear. The trial judge denied the motion to continue and granted the motion to suppress after the state rested without presenting any evidence to justify *1168 a warrantless search. This court found no abuse of discretion, distinguishing State v. Reed, 421 So.2d 754 (Fla. 4th DCA 1982), because the missing witness had been notified of the hearing and the state gave no explanation for his absence or any assurance that he would appear on a later date.
Reed involved a case of simple neglect or attorney error wherein this court found the trial judge had abused his discretion in granting a motion to suppress after the judge apparently unexpectedly called the motion to suppress to be heard on the same day as another pending motion. Notwithstanding the state’s explanation that the parties had agreed to have a hearing on the motion to suppress the following week, the trial judge refused to continue the hearing and, when the state was unable to produce its witnesses, granted the motion to suppress.
The circumstances in this case are more akin to Lawrence, than Reed. In this case, as in Lawrence, the state’s witnesses, two police officers, were served with subpoenas and therefore notified of the hearing, and although the state explained that the officers were not present because they were attending school in Jacksonville, it did not give any assurance that they would appear on a later date.
We find no abuse of discretion in the trial judge’s denial of the state’s motion to continue. Accordingly, we distinguish Reed, and affirm the granting of appellee’s motion to suppress based on Lawrence.
AFFIRMED.
GUNTHER and STONE, JJ„ concur.