POLEN, Judge,
dissenting.
I respectfully dissent. I would reverse the trial court’s granting of defendant’s motion to suppress, which order was entered without *932 taking any testimony. Rather, it appears that it was granted in the nature of a default by the state, when the newly-assigned assistant state attorney announced that she had not received notice of hearing on the motion. It is undisputed that defendant sent a timely notice of hearing on his motion to suppress to the state attorney’s office.
I recognize that because the search of Diekler’s condominium was warrantless, the police having responded to a reported fire and allegedly seeing the contraband in plain view, the state had the burden to prove probable cause for the search to be valid. The penalty imposed, however, is too severe for what appears at worst to be attorney neglect. See State v. Reed, 421 So.2d 754 (Fla. 4th DCA 1982) (reversing an order granting a motion to suppress under similar circumstances). Further, as in Reed, because no findings of fact were made, the order granting the motion to suppress does not “come clothed with a presumption of correctness.”
I would reverse and remand for the trial court to conduct an evidentiary hearing, upon proper notice, on appellee’s motion to suppress.