DAUKSCH, Judge.
Petitioner, Paul A. Thompson, M.D., defendant in a medical malpractice action, seeks certiorari review of an order denying his motion to dismiss a portion of respondents’ fourth amended complaint, and motions for continuance and to reopen discovery.
Respondents allege that petitioner was negligent in his treatment of a minor child, resulting in severe and permanent injury. Following a mistrial, trial has been rescheduled for January 12, 1998. Respondents have been allowed to amend their complaint to allege petitioner’s negligence in not informing the parents of the minor child before surgery of his experience or lack thereof in performing such surgery, and of the inadequate backup surgical support at the hospital. Petitioner moved to dismiss this amendment, asserting that it failed to state a cause of action, in that there is no duty for a physician to affirmatively disclose his experience in performing surgery. The trial court denied the motion to dismiss after a hearing. Following that ruling, petitioner orally moved to reopen discovery for the limited purpose of gaining information regarding the new negligence allegation. Petitioner further moved to continue the trial for purposes of discovery and preparation. Petitioner also advised the trial court of the need to add additional expert witnesses. The trial court denied the oral motions for continuance and to reopen discovery. The trial court allowed petitioner to add an additional expert to address the new allegation.
An order denying a motion to dismiss a claim is generally not reviewable by certiorari, as there is an adequate remedy by plenary appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Thompson v. Thompson, 635 So.2d 1064 (Fla. 5th DCA 1994). Likewise, the rulings on the oral motions may be raised on plenary appeal. Whether to grant a continuance is a matter falling within the trial judge’s discretion, and a ruling should be disturbed only when that discretion is abused. See State v. McCarthy, 585 So.2d 1167 (Fla. 4th DCA 1991). As the trial court denied additional discovery, there was no compelling need to grant a continuance. Discovery issues, too, are matters within the trial judge’s discretion, and rulings should be disturbed only upon a showing of irreparable harm. As the trial court did not compel discovery in this case, but simply denied additional discovery, the issue may be raised on plenary appeal. See Palmer v. WDI Systems, Inc., 588 So.2d 1087 (Fla. 5th DCA 1991).
The petition for writ of certiorari is therefore denied. However, we emphasize that our holding is solely based on the limited scope and availability of certiorari in reviewing non-final orders. This decision in no way addresses the merits of petitioner’s substantive issue concerning the recent amendment to respondents’ complaint, which should be raised on plenary appeal, if necessary.
PETITION DENIED.
COBB and ANTOON, JJ. concur.