VILLANTI, Judge.
The State appeals the trial' court’s order denying the State’s motion to continue an evidentiary hearing and the resulting order granting Jill Maxine Humphreys’ motion to suppress. Because the trial court abused its discretion in denying the continuance, we reverse.
Humphreys was charged with possession of methamphetamine and possession of marijuana after the police stopped the car’ in which she was a passenger and searched her purse and “fanny pack.” Humphreys moved to suppress the evidence, arguing that the police’ lacked either consent or probable cause to search her. A hearing on the motion was set for April 14, 2003, but because the assistant state attorney assigned to the case was in a murder trial, the hearing was continued by agreement until April 28, 2003.
As soon as the State received notice of the new hearing date, it issued subpoenas for the arresting officers. For reasons not clear from the record, the subpoenas never were served. When the State realized what had happened — apparently the day of the evidentiary hearing — it tried to secure the officers’ presence by paging the officers and calling the district office. Nevertheless, the officers failed to appear. Humphreys does not argue that the State’s lack of diligence was responsible for the officers’ failure to be served or to answer the calls and pages; in fact, the trial court specifically noted that the State was not at .fault.
The State moved to continue the hearing, explaining what had happened. Counsel for Humphreys objected to the continuance because he had driven from Tampa to Dade City for the hearing; he noted, however, that had the State called him in advance, he might have been willing to reschedule, but because it had not, he objected to any continuance. He provided no other argument' in opposition to the State’s motion to continue. The trial court refused to continue -the hearing. There *598 fore, the hearing proceeded without the testimony of the arresting officers. The trial court heard only from Humphreys and the driver of the vehicle, who had been arrested for possession of marijuana based on the same vehicle stop. Both Hum-phreys and the driver testified that the police did not have consent to search the vehicle. The State argues that if the trial court had granted the continuance, the officers’ testimony would have established that the officers had both consent and probable cause to search the vehicle and Humphreys’ purse and fanny pack. As such, the trial court’s refusal to continue the hearing was tantamount to a dismissal of the charges.
We review under the abuse of discretion standard the trial court’s refusal to continue the evidentiary hearing. See State v. Reed, 421 So.2d 754 (Fla. 4th DCA 1982). A party seeking a continuance due to witness unavailability must establish four factors: “(1) prior due diligence to obtain the witness’s presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice.” Geralds v. State, 674 So.2d 96, 99 (Fla.1996). Moreover, when denying a continuance due to witness unavailability amounts to a dismissal of the charges, such denial has been held an abuse of discretion when there was no showing of prejudice to the defendant. Cf. State v. Lundy, 531 So.2d 1020 (Fla. 2d DCA 1988) (reversing the trial court’s dismissal of a case after it had denied the State’s motion for a continuance because there was no prejudice shown to the defendant).
In this case, the State met the four factors necessary to receive a continuance. First, as the trial court acknowledged, the State exercised due diligence to secure the officers’ presence at the hearing. Although the State had issued subpoenas, paged the officers, and contacted the district office, by happenstance the officers were not served and thus did not show up. Second, as the arresting officers were still employed by Pasco County Sheriffs Office, they would have been available and willing to testify in a way likely favorable to the State; thus, the second and third factors are met. Finally, the State was prejudiced because without the officers, the State was unable to adduce any testimony in favor of the admission of the evidence, and the resulting suppression of the evidence was tantamount to a dismissal of the charges against Humphreys.
In a similar case, the Fourth District reversed after the trial court refused to continue a hearing on a motion to suppress a confession, which resulted in the trial court granting the motion to suppress. Reed, 421 So.2d at 755. The Fourth District noted,
A motion for the suppression of a confession, however, is an extremely important matter having severe repercussions to the losing party, whether the state or the accused. For that reason it is imperative that both sides be given fair opportunity to be heard. Only where prejudice will result to the accused should simple neglect or attorney error be sanctioned with the extreme remedy of granting a motion to suppress a confession.
Id. Significantly, the only prejudice to Humphreys that would have resulted from the continuance actually would have been to her attorney, whose protest was that he had driven from Tampa for the hearing. Juxtaposed with the legitimate issues of fairness and justice, this showing of prejudice seems trivial, especially given the fact that the attorney intimated he may have agreed to a continuance with prior notice. *599 It does not appear that the trial court took into consideration the four factors set forth in Geralds, 674 So.2d at 99, before deciding that a continuance was unwarranted. Moreover, there is no indication in the record that Humphreys would have been prejudiced had the continuance been granted. Therefore, it was an abuse of discretion to deny the continuance, and we reverse and remand for further proceedings.
Reversed and remanded.
STRINGER and KELLY, JJ., concur.