LAWSON, J.
The State appeals from an order denying its motion to continue a restitution hearing, and setting restitution at zero, when the State did not have a necessary witness present for the hearing. This is one of a number of eases pending before us from the same juvenile delinquency division in the Florida’s Ninth Judicial Circuit, decided adversely to the State by the same judge. In each case, the State did not have witnesses present at a duly noticed trial or evidentiary hearing, and the *1210 trial judge declined to continue the trial or hearing to allow the State another chance to produce its witnesses. Finding that the trial court abused its discretion by not granting the requested continuance in this case, we reverse. See State v. Humphreys, 867 So.2d 596 (Fla. 2d DCA 2004) (the denial of a motion to continue an evidentiary hearing is reviewed for abuse of discretion).
The State charged A.D.C. with battery and criminal mischief, alleging that A.D.C. struck his ex-girlfriend and damaged her car in a fit of rage following their breakup. A.D.C. pled no contest to both charges, and agreed to pay restitution in an amount to be proven at a later date. At the time of AD.C.’s plea, the restitution hearing was set for May 21, 2010, with no prior opportunity given to the State to confirm that its witnesses would be available on this date. Several days before the scheduled hearing, on May 18, 2010, the State filed a motion to reset the hearing on grounds that a necessary witness—a car repair or “body shop” expert who would testify as to the cost of repairing the damage caused by A.D.C.—was unavailable on May 21, 2010.
It is clear from this record that the State was diligent in its attempt to prepare for the hearing and secure the attendance of its necessary witnesses. It had not sought a prior continuance of this matter, and A.D.C. did not establish that he would suffer any prejudice as a result of resetting the hearing to a date and time when the State’s witnesses would be available. In fact, our review of the record indicates that the State established all “four factors” necessary to secure a continuance due to witness unavailability in this case. See Humphreys, 867 So.2d at 598 (“A party seeking a continuance due to witness unavailability must establish four factors: ‘(1) prior due diligence to obtain the witness’s presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice.’ ”) (quoting Geralds v. State, 674 So.2d 96, 99 (Fla.1996)).
Under these circumstances, it was an abuse of discretion to deny the State’s motion to continue the hearing. Id. Accordingly, we reverse the restitution order and remand with instructions that the trial court reset the restitution hearing.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MONACO, C.J., and JACOBUS, J., concur.