DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**MARSHA DIXON,**
Appellee.

No. 4D17-481

[July 26, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 12-5735 CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellee, Marsha Dixon, was charged with violating her probation by failing to report to the probation office as directed over a course of six months and by failing to pay her court costs. At Dixon's final violation of probation hearing, the State asked the trial court for a continuance because its sole witness, a probation officer, did not appear to testify. The trial court denied the request and proceeded with the hearing. Because the State's witness did not appear, the State presented no evidence to establish that Dixon violated the conditions of her probation and the trial court dismissed the warrant. We find the trial court erred in denying the continuance, and reverse and remand for a new hearing.

We review the trial court's denial of the motion for continuance for abuse of discretion. *See State v. Reed*, 421 So. 2d 754, 755 (Fla. 4th DCA 1982). To prevail on a motion for continuance due to witness unavailability, a party must show: "(1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have

been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice." *Geralds v. State*, 674 So. 2d 96, 99 (Fla. 1996).

Based on the record, the State satisfied the four factors set forth in *Geralds* and should have been granted a continuance. In addition to subpoenaing the witness, the prosecutor called the witness the day before trial and twice the day of trial, emailed the witness, and even called the witness's place of employment in an effort to locate him. This was sufficient to show that the State exercised due diligence to obtain its witness and satisfied the first requirement.

The second and third factors were also met. Here, the witness was a probation officer employed by the State. As a sworn law enforcement officer, prior cases have established that there is a presumption he would have been available and willing to testify favorably to the State. *See State v. Humphreys*, 867 So. 2d 596, 598 (Fla. 2d DCA 2004) ("[A]s the arresting officers were still employed by Pasco County Sheriff's Office, they would have been available and willing to testify in a way likely favorable to the State; thus, the second and third factors are met.").

Finally, the State was materially prejudiced by the denial of a continuance. Without its sole witness, the State was unable to adduce any evidence to establish that Dixon willfully and substantially violated her probation as charged.

We recognize that Dixon would have been prejudiced had the continuance been granted, especially since she was incarcerated while awaiting her hearing. However, when granting a continuance at the State's request, a trial court has the ability to alleviate any such prejudice by scheduling an expedited hearing or releasing the defendant from detention in appropriate situations with either a low bond or on the defendant's own recognizance.

In sum, because the record reflects that each of the four enumerated factors were satisfied by the State, the trial court erred in denying the State's request for a continuance; therefore, its dismissal of the warrant was improper. *See State v. Cook*, 796 So. 2d 1247, 1247-48 (Fla. 5th DCA 2001) (holding that the trial court erred in denying the State a continuance when the State's sole witness, a probation officer, was unable to travel to a final violation of probation hearing to testify due to inclement weather). We therefore reverse and remand for the trial court to conduct a new violation of probation hearing.

*Reversed and Remanded.*

WARNER and CIKLIN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**