# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0037
Lower Tribunal No. AHCW2YE

_____

**State of Florida,**
Appellant,

vs.

**Ariel Paul,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Betsy Alvarez-Zane, Judge.

James Uthmeier, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Maria E. Lauredo, Chief Assistant Public Defender, for appellee.

Before LINDSEY, LOBREE and GOODEN, JJ.

GOODEN, J.

Appellant State of Florida appeals the trial court's order granting Appellee Ariel Paul's motions to suppress. We affirm.

Paul was charged with driving under the influence. Following a motor vehicle accident, Officers Cooper, Baptiste, Milfort, and Dorcent were dispatched to the scene. Officers Cooper and Milfort discovered Paul unconscious behind the steering wheel. Once he was cleared of any injuries, the officers administered field sobriety exercises. Due to Paul's performance, he was arrested and advised of his Miranda rights. Paul refused to provide a breath sample.

Subsequently, Paul moved to suppress evidence. The trial court set the motions for hearing. Paul subpoenaed Officers Cooper, Baptiste, Milfort, and Dorcent—who were listed as the State's witnesses. Officer Cooper appeared and testified. The remaining three officers also appeared, but did not have the opportunity to testify.

The trial court asked about the remaining officers' schedules and continued the hearing to a future date. The court advised the officers that they remain under their existing subpoenas and instructed them to appear at the rescheduled hearing.

Yet the remaining three officers failed to appear at that hearing. When questioned, the State confirmed that it had not contacted any of the officers

prior to the hearing and provided no explanation as to their failure to appear. In response, Paul requested that the motions to suppress be granted. But the State sought a continuance so they could secure the officers' testimony. After considering arguments from both parties and allowing the State an opportunity to establish a record, the trial court granted the motions to suppress. This appeal followed.

"Granting a continuance is within a trial court's discretion, and the court's ruling will be disturbed only when that discretion has been abused." Bouie v. State, 559 So. 2d 1113, 1114 (Fla. 1990). See also Magill v. State, 386 So. 2d 1188, 1188 (Fla. 1980) ("In criminal cases an application for a continuance is addressed to the sound judicial discretion of the trial court, and the denial of such a motion should not be reversed by an appellate court unless there has been a palpable abuse of this judicial discretion. This abuse of discretion must clearly and affirmatively appear in the record."). "Review is contextual, very much dependent on the 'circumstances' presented in each case." Madison v. State, 132 So. 3d 237, 240 (Fla. 1st DCA 2013).

Under these circumstances, we find the trial court did not abuse its discretion. Contrast State v. McCarthy, 585 So. 2d 1167, 1168 (Fla. 4th DCA 1991), and State v. Lawrence, 560 So. 2d 400, 401 (Fla. 4th DCA 1990), with State v. Bercaw, 363 So. 3d 124, 126 (Fla. 1st DCA 2023). The State failed

to show due diligence in securing the remaining officers' appearance. Geralds v. State, 674 So. 2d 96, 99 (Fla. 1996). The State did not contact the officers, did not confirm their attendance, and did not explain why they failed to appear.

Affirmed.