387 So.2d 555 (1980)
STATE of Florida, Appellant,
v.
Dane Montel HAMILTON, Appellee.
No. 79-2043.
District Court of Appeal of Florida, Second District.
September 10, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
PER CURIAM.
The state appeals from the dismissal "for lack of prosecution" of its information charging the appellee with possession of marijuana with intent to sell or deliver. The appellee failed to file a brief in this appeal but after carefully reviewing the record containing the transcript of the hearing below which resulted in the dismissal, we reverse.
The state, on the day of trial, orally moved for continuance on the ground that a law enforcement officer needed for trial was attending a two week intelligence school somewhere on the east coast of the state. The state had been granted another *556 continuance two months previously when the case was first set for trial. That continuance was apparently necessitated when the suppression of a confession by the appellee caused the state to need a witness they did not originally anticipate using, and who, at the earlier trial date, was in Idaho. On the second trial date, when the state again moved for continuance because of the lack of the presence of the law enforcement officer attending intelligence school, two weeks remained before the time for speedy trial would have run.
While we recognize and sympathize with the apparent frustration of the trial judge with the lack of diligence of the state in preparing for trial, we believe that dismissal of an otherwise valid information is too extreme a sanction where there is no showing of prejudice or unfairness to the appellee. Cf., State v. Smith, 342 So.2d 1094 (Fla.2d DCA 1977). The court could have properly within its discretion denied the state's motion for continuance. If the state was then unable to prove a prima facie case because of the unavailability of the witness, a directed verdict for the appellee would have been in order.
We, therefore, reverse and remand for treatment consistent with this opinion.
GRIMES, Acting C.J., and DANAHY and CAMPBELL, JJ., concur.