BARKDULL, Judge.
The State of Florida appeals from two orders entered discharging defendant, Samuel Rogers, from prosecution pursuant to Fla.R.Crim.P. 3.191, the speedy trial rule.
In Case No. 80-1643, defendant Rogers was charged with the burglary of a structure and with grand theft in the second degree. In Case No. 80-1716, he was charged with robbery. In the former case he was arrested on November 30, 1979; in the latter case he was arrested on November 28, 1979. Trials in both cases were set for May 19,1980 (which date was within the speedy trial period). On the weekend prior to the trial date, serious civil disorders occurred within Dade County, resulting in a May 19, 1980 administrative order (No. 80-121), entered by Chief Judge Edward Co-wart, acknowledging the emergency situation within the County. The order of May 19th read, in part, as follows:

“WHEREAS, the Court finds that exigency conditions exist in Dade County, Florida;
THEREFORE, pursuant to Rule 3.191(d)(2)(h) and (f)(i), (iii) and (iv) of the Florida Rules of Criminal Procedure, and with the authority vested in me as Chief Judge of the Eleventh Judicial Circuit of Florida, it is hereby
ORDERED that the speedy trial rule be tolled from day-to-day for all cases set for trial in the Criminal Divisions of the Circuit and County Courts for the week of May 19, 1980, and as long as emergency circumstances continue. At the end of the aforementioned exigency conditions, this Court will enter an Order rescinding any further tolling of the speedy trial rule concerning criminal cases in Dade County, Florida.
A copy of this Order shall be placed in the Court files of all cases scheduled to be tried during the time that said conditions exist and until further order of Court.”

This was followed by an order dated May 28th[1] by the trial judge, Judge Earnest, which read as follows:

“Pursuant to the provisions of Fla.R. Crim.P. 3.191 (d)(2), and (f)(iii) and (iv) this Court finds that:
1. Civil disorder in the form of shooting, looting, rioting, sniping and killing has broken out in significant portions of Dade County, Florida;
2. All available local police and other law enforcement personnel, as well as numerous national guard troops have been activated in response to said civil disorder;
3. As a result law enforcement witnesses are unavailable to both the defense and the State at this time, but will become available at a later date;
4. As a result defense and state witnesses, jurors, attorneys, and court personnel are unable to freely and safely traverse the streets of Dade County, Florida;
Based upon the foregoing findings this Court concludes that as a matter of sub *52 stantial justice to both the defense and the State, the speedy trial time limitations provided for in Fla.R.Crim.P. 3.191 should and are hereby extended up to and including the last full business day of the week of July 28, 1980.”

Subsequently, on May 30, 1980, the Chief Judge entered an order nunc pro tunc to May 27th, which read in part as follows:

“ORDERED that the tolling of the speedy trial rule, pursuant to Administrative Order Numbers 80-121 and 80-122, filed in Case No. 80-3 (Court Administration), shall cease at the end of the courts normal business day on May 27, 1980 and no longer be effective; however, each Trial Judge, on an individual case basis, shall determine under appropriate Rules of Criminal and Juvenile Procedure the effect of any continuance necessitated by the exigent circumstances outlined in the above referred to Administrative Orders.”

Thereafter, on July 30, 1980, for the first time, the defense moved for discharge. Ultimately, the trial court discharged the defendant because he had not been accorded a speedy trial.[2]
This appeal ensued. We reverse the order of discharge. It was error for the trial court to discharge the defendant, where the speedy trial period was extended due to exigent circumstances. Chief Judge Cowart’s May 30th order stated that “. .. each Trial Judge, on an individual case basis, shall determine under appropriate Rules of Criminal and Juvenile Procedure the effect of any continuance necessitated by the exigent circumstances outlined in the above referred to Administrative Orders"
No party questions that Chief Judge Cowart’s original order of May 19th was appropriate in view of the civil disturbances then present in Dade County, which have come to be known as the “McDuffie Riots”. Judge Earnest’s order of May 28th was appropriate, not only because he was the original trial judge but because it was provided for in the nunc pro tunc order entered by Chief Judge Cowart. There was no constitutional impediment to a speedy trial, the defendant not being incarcerated, there being no showing of prejudice or unreasonable delay. State v. Hamilton, 387 So.2d 555 (Fla. 2d DCA 1980); Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Edwards, 577 F.2d 883 (5th Cir. 1978); United States v. Noll, 600 F.2d 1123 (5th Cir. 1979).
Therefore, we find that the order of discharge entered July 30, 1980 to have been erroneously entered, and it is hereby reversed and set aside and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded for further proceedings.

. Same order entered in both cases.

. Same order of discharge entered in both cases.