418 So.2d 459 (1982)
STATE of Florida, Appellant,
v.
Walter Eugene EVANS, Appellee.
No. 81-1498.
District Court of Appeal of Florida, Fourth District.
August 25, 1982.
*460 Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Thomas L. Rolle, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state appeals the dismissal of a robbery information for lack of prosecution. Under the facts of this case, we believe the trial court abused its discretion in dismissing. Thus, we reverse.
Evans was arraigned for robbery. The trial date was continued once at the defendant's behest and twice at the state's. After the third continuance, a trial date of August 6, 1981, was set. The 180 day speedy trial period was due to expire on September 13, 1981.
On August 6th, both the state and the defense announced ready for trial. The state then sought another continuance, claiming unavailability of a witness. The trial judge indicated his doubts that the state was ready for trial and, without a defense motion, dismissed the action for lack of prosecution. The state immediately objected, again stressing its willingness to proceed to trial. The trial court adhered to its earlier ruling, but did grant a motion to extend speedy trial time pending appeal.
In State v. Lowe, 398 So.2d 962 (Fla. 4th DCA 1981), the prosecutor failed to comply with certain discovery orders until the eve of trial. Three weeks remained before speedy trial time expired. The state moved for a continuance. The trial court denied the motion and dismissed the case. On appeal, we noted the wide discretion accorded to trial courts in sanctioning discovery violations. Nonetheless, we reversed, holding that dismissal of criminal charges is "an action of such magnitude that resort to such a sanction should only be had where no viable alternative exists." 398 So.2d 962, 963. Accord, State v. Hamilton, 387 So.2d 555 (Fla. 2d DCA 1980).
Similarly, in the instant case we are compelled to hold that dismissal was precipitous and unwarranted. The trial court could have forced the state to trial simply by denying the motion for continuance. The state would have had the option to nol-pros or it could have attempted to make its case without the unavailable witness. In any event, dismissal was unwarranted.
The defendant's reliance on State v. Alvarez, 258 So.2d 24 (Fla. 3d DCA 1972), is misplaced. In Alvarez, the trial court's dismissal came after more than a year of prosecutorial foot dragging. The instant case is not analogous.
REVERSED and REMANDED.
ANSTEAD, HURLEY and DELL, JJ., concur.