ANSTEAD, Judge,
concurring specially:
This is an appeal by the state from an order of dismissal entered by the court when the state appeared at trial unprepared to prosecute. I agree that the trial court acted within its discretion in dismissing the action for failure of the state to prosecute.
It is apparent on the face of the record that the state was not prepared to proceed when this case was called for trial. The prosecutor made this clear in her statements to the trial court and, given the circumstances of the prior delays attributable to the state and the trial court’s denial of the state’s request for a further delay in locating its witnesses, the trial court had little choice but to dismiss the case. What else is the trial court to do when the state acknowledges that it is not ready for trial? I simply cannot agree with the argument of the state that: “In the instant case, the judge could have begun to hear one of the other cases which was set for that day as the assistant state attorney suggested, or he could have continued the case due to the absence of the State’s witnesses.”
In addition, it should be noted that the trial court dismissed the case without prejudice to the refiling of another information, a remedy far less drastic than granting a defense motion for directed verdict that would have been appropriate if sought after the state was unable to present any evidence at trial. This case is distinguishable from our recent decision in State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982), because here, unlike Evans, it is clear that the state was unprepared to prosecute.