PER CURIAM.
The State charged appellee in four separate informations filed in Case Nos. 84-10381 CF, 84-10954 CF, 84-10956 CF and 84-1123 CF. Each information related to a separate incident and date when appellee delivered one-half gram of cocaine to undercover agents.
The court advised appellee that it would allow him to plead no contest in Case Nos. 84-10381 CF and 84-10954 CF and that he would be placed on eighteen months probation and one hundred hours of community service. After appellee pled no contest in these two cases, the court sua sponte dismissed the charges filed against appellee in Case Nos. 84-10956 CF and 84-1123 CF. The State argues that the court’s actions were tantamount to entering a nol-pros on behalf of the State. We agree and reverse.
Florida Rule of Criminal Procedure 3.190(c)(4) enumerates the grounds upon which the court may entertain a motion to dismiss. None of these grounds appear present sub judice nor did the court state any reason for dismissal of the informa-tions. The decision to nol-pros an information is vested solely in the discretion of the State. In the Interest of S.R.P., 397 So.2d 1052 (Fla. 4th DCA 1981); State v. Braden, 375 So.2d 49 (Fla. 2d DCA 1979). Therefore, we reverse the order of dismissal and remand this case for further proceedings.
REVERSED and REMANDED.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.