# STATE OF FLORIDA v LAROCHE

## Case No. 86-0034AC10

Seventeenth Judicial Circuit, Broward County

December 10, 1986

### APPEARANCES OF COUNSEL

**Christina Spudeas** for appellant.

**Martin Saxon** for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

The instant case was set for non-jury trial on March 7, 1986 at

which time the attorneys for both sides announced ready for trial when the case was called. When the case was recalled shortly thereafter to begin trial counsel for Appellant advised that its witness was unavailable since he inadvertently received a standby rather than a mandatory subpoena. On its own, the trial court dismissed the case for lack of prosecution. The Appellant thereafter moved for a continuance which the Judge denied.

Appellant relies upon *State v. Burnett*, 468 So.2d 1119 (4th DCA 1985) for the proposition that a *sua sponte* dismissal by the court is indistinguishable from a nolle prosse by the State. Although, as the *Burnett* panel correctly observes, a Judge is legally powerless to initiate such action, the facts of that case are distinguishable from those *sub judice*. In *Burnett*, a defendant with four pending cases, plead open upon suggestion of the Court to two of the cases and after doing so and being placed on probation, the Court on its own dismissed the remaining two cases. Truly, the trial judge in that case usurped the prosecutor's territory by entering a dismissal of the informations.

Such a veiled effort to dismiss pending cases when the Court never addressed the trial posture and status of the parties is not what transpired before the Court below. The trial status of the parties was inquired into by the Court and both sides indicated they were ready. When the case was recalled to begin trial, the State then stated the witness was not available for trial since he misconstrued the subpoena as being standby and not mandatory.

It is clear under *State v. Evans*, 418 So.2d 459 (4th DCA 1982) and *State v. Hamilton*, 387 So.2d 555 (2d DCA 1980) that the preferred route to follow under these circumstances is not for the trial judge to outright dismiss the case on his own accord but rather to deny a State continuance and then dismiss the litigation by entering a directed verdict of acquittal for the defendant, if the State chose to proceed but could not prove a *prima facie* case because its witness(es) was unavailable or alternatively, dismiss the cause for lack of prosecution if the State fails to proceed.

Although, in the instant case the lower court dismissed the prosecution on its own initiative before it ruled upon the State's continuance, thus reversing the procedure suggested by *Evans* and *Hamilton*, it is significant that after ruling the case would be dismissed for lack of prosecution after being appraised of the witness problem, the State immediately moved for a continuance, which motion was denied. The State thereafter, never proceeded with its prosecution after its continuance was denied (apparently because its whole case was based upon the

testimony of this absent witness). Nor was a nolle prosse entered and a new information filed.

Under these circumstances, although thee was not strict but rather technical compliance with the dictates of *Evans* and *Hamilton*, this Court is compelled where legally reasonable, not to elevate from over substance where the end result reached is correct. Therefore, the Order of the lower court is AFFIRMED.

DONE AND ORDERED this 10th day of December, 1986 in Fort Lauderdale, Broward County, Florida.