PER CURIAM.
The state appeals the trial court’s dismissal of the charge against defendant. The dismissal was a sanction for discovery violations by the state. We reverse.
Defendant was charged with possession of cocaine with intent to sell or deliver. Defense counsel filed a demand for discovery. The state responded with a copy of the police report which included the names of the four arresting officers.
Three days before trial, at a status conference, defense counsel noted that the state had not furnished the names of any additional witnesses which the prosecution might intend to call at trial. The state gave the names of two more witnesses.
On the day of trial, defense counsel noted that no witness list had been received from the state. The state said that a response to the discovery demand had been prepared but was not yet typed and delivered to the defense. The state also said that the defense had not been given the names of the confidential informants and that the state would try to get those names to the defense that afternoon.
The trial court sua sponte indicated its inclination to dismiss the charge against defendant. The state then argued that dismissal was the most severe sanction and that a continuance would cure the problem. Defense counsel argued that his client’s right to a fair trial had been prejudiced by the state’s failure to respond to the discovery demand. The trial court then dismissed the charge.
We must conclude that the dismissal was an abuse of discretion. That extreme sanction should be imposed only when less severe sanctions would not accomplish the desired result. See State v. King, 372 So.2d 1126 (Fla. 2d DCA 1979).
The record shows no discussion in the trial court about the amount of time remaining before defendant’s speedy trial time expired. However, our calculations indicate that substantial speedy trial time remained and that the trial could have been continued within that time for a period sufficient to allow the defendant to obtain discovery and prepare for trial. See State v. Perez, 383 So.2d 923 (Fla. 2d DCA 1980).
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and LEHAN and FRANK, JJ., concur.