POLEN, Judge.
In this case we are asked to review the trial court’s order dismissing the case for lack of prosecution because the state was unable to produce a key witness, the victim, at a deposition. We find this was an improper exercise of discretion and reverse.
Whether the dismissal was a sanction for failure to appear for a deposition or based on the conclusion that the state had no reasonable expectation of finding the witness and prosecuting the case, the trial court infringed upon the state’s territory. The decision to prosecute is a determination to be made by the state, not the trial court. State v. Bryant, 549 So.2d 1155 (Fla. 3d DCA 1989); State v. Brown, 416 So.2d 1258 (Fla. 4th DCA 1982).
In a situation such as the one presented in the instant case, the trial court has a number of options, the most severe sanction of which is dismissal. There was no showing that the state deliberately or negligently was at fault for the failure to know the witness’s whereabouts nor was it under any obligation to produce the witness for deposition. The defendant has failed to show any prejudice that would have occurred had the court pursued any viable alternatives to dismissal. The appropriate response would have been to ask the state if it was prepared to go to trial without the witness, or if it wished to enter a nolle prosequi to the charges and refile at a later time, or the trial court could have granted a continuance. State v. Daise, 508 So.2d 560 (Fla. 4th DCA 1987); State v. Wilson, 498 So.2d 1053 (Fla. 4th DCA 1986). The only inquiry made by the trial court was as to the state’s ability to produce the witness. Under such a scenario, the sanction of dismissal was too severe and not an appropriate option. See State v. Perez, 543 So.2d 386 (Fla. 3d DCA 1989).
REVERSED AND REMANDED.
ANSTEAD and DELL, JJ., concur.