PER CURIAM.
On February 22, 1988, A.J. was arrested for drug-related offenses. On April 6, 1988, an information was filed charging him with delivery and possession of cocaine. These offenses carry a sixty-day speedy trial period, so the state was obligated to begin A.J.’s trial no later than May 22, 1988.
Because of improper notice procedures, A.J. was not arraigned until May 10, 1988. This understandably annoyed the trial judge; through the combined actions of the clerk’s, sheriff's, and state attorney's offices, most of A.J.’s speedy trial period had already expired. Only twelve days remained for the defense to prepare for trial.
At the arraignment the defense attorney made an oral request for discovery, stating *198 that they could go to trial on the 19th if she received discovery that afternoon or the following day. The assistant state attorney responded that discovery would not be furnished absent a written request. The trial judge, after noting that the state had given the public defender only a week to prepare and now was going to stand on a technicality, announced that he was going to dismiss the case. And, when it came up for trial on the 19th, that is exactly what he did.
While we understand the trial judge’s annoyance and recognize the validity of his concerns, we also note that the assistant state attorney managed to provide the discovery the day after it was requested. Since the assistant public defender stated on the record that she could be prepared if this was done, we find the dismissal improper. See State v. Ray, 525 So.2d 1033 (Fla. 2d DCA 1988).
Reversed and remanded for further proceedings.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ, concur.