573 So.2d 169 (1991)
STATE of Florida, Appellant,
v.
Anton OTTROCK, Appellee.
No. 90-0634.
District Court of Appeal of Florida, Fourth District.
January 16, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state appeals from an order dismissing a charge of grand theft against appellee for lack of prosecution. We reverse.
Appellee was charged in April 1989 with grand theft. Trial was set several times, and each time the defense moved for continuance because the deposition of the alleged victim had not taken place, for the most part because the defense could not serve a subpoena on him at the address provided by the state. However, there is no suggestion in the record that the state violated any discovery orders. Finally, trial was set for February 20, 1990. The defense moved to dismiss at that time because the victim was not present at trial. The state replied that it had subpoenaed the victim for trial, but he had failed to appear. The state objected to the defense motion to dismiss and requested its first continuance. The trial court elected to dismiss the charges.
While we sympathize with the trial court's frustration, we must reverse, holding in line with State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982), that dismissal of criminal charges is only an action of last resort where no viable alternative exists. See also State v. Hamilton, 387 So.2d 555 (Fla. 2d DCA 1980).
The trial court could have denied the motion for continuance, or issued a show cause order to require the victim's appearance. The state then could have either gone to trial with what it had or entered a nolle prosequi to the charges, thus retaining the right to refile at some later time. See State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989).
The appellee has not shown prejudice to himself in the preparation of his defense. Further, the appellee was not incarcerated *170 while awaiting trial. While he has spent time and money to appear at the various docket calls, the continuances granted up until the dismissal were at the behest of his attorneys. Under the facts of this case, that is not the type of prejudice or unfairness which allows a dismissal of the information. See State v. Lundy, 531 So.2d 1020 (Fla. 2d DCA 1988).
Reversed and remanded for further proceedings.
DELL, WARNER and POLEN, JJ., concur.