# STATE OF FLORIDA v JOYNER
## Case No. 85-0079AC10 (Lower Case No. 84-23347MM10)
Seventeenth Judicial Circuit, Broward County
March 22, 1991

## APPEARANCES OF COUNSEL
**James P. McLane,** Assistant State Attorney, for appellant.
**Steven Michaelson,** Chief Assistant Public Defender, for appellee.

## OPINION OF THE COURT
STANTON S. KAPLAN, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of an order dismissing the case for lack of prosecution.

Appellee was charged by Information filed December 10, 1984, with driving under the influence, contrary to Florida Statutes § 316.193(1).

On August 21, 1985, the day of the trial, the Appellant, State, moved for a continuance. This was Appellant's first request for a continuance. Previously, the Court granted Appellee's two defense continuances. The State requested the continuance on the grounds that the arresting police officer was not under subpoena.

The trial court, *sua sponte* dismissed the case for lack of prosecution even after the Appellant then requested that it be allowed to continue with the case without the arresting officer.

The State timely filed its Notice of Appeal.

A person is entitled to speedy trial pursuant to Fla.R.Crim.Proc. Rule 3.191. The person must be brought to trial within 90 days when charged with a misdemeanor. If a person is not brought to trial within this time standard he is entitled to the appropriate remedy. Rule 3.191(i) provides that before the person is to be accorded this remedy the court must make an inquiry as per section (d)(3) of the rule.

Section (d)(3) allows the court to grant a motion for discharge if none of the four categories listed in the section are met. If the delay is due to any one of the four exceptions listed then the court must deny the motion.

In the case at bar, Appellee did not file a motion for discharge but the court, *sua sponte* made the motion and dismissed the case for lack of prosecution. Before a court may rule on a motion it must make the proper inquiry required by Rule 3.191(d)(3).

A trial court may not abuse its discretion in dismissing a case for lack of prosecution. Lack of diligence on the part of the State in preparing for trial does not warrant dismissal of an otherwise valid information in absence of showing prejudice or unfairness to the Defendant. *State v Hamilton,* 387 So.2d 555 (Fla. 2d DCA 1980).

The court in *Hamilton* had a fact situation similar to the case at bar. The State requested a continuance on the day of the trial and the court granted it. After the trial was reset, the State once again requested a continuance on the day of trial and the court denied it and dismissed the case for lack of prosecution. The Second District Court of Appeals reversed the trial court's ruling stating that, ". . . dismissal . . . is too extreme a sanction where there is no showing of prejudice or unfairness . . ." *Id.* at 556.

The facts in *State v Evans,* 418 So.2d 459 (Fla. 4th DCA 1982) are on point with the case at bar. In *Evans,* the State requested a continuance on the trial date due to the unavailability of a witness. The court, without a defense motion, dismissed the case for lack of

prosecution. The Fourth District reversed the trial court's dismissal holding that the, ". . . dismissal was precipitous and unwarranted." *Id.* at 460.

The courts have been hesitant to allow dismissal of criminal charges in that it is "an action of such magnitude that resort to such a sanction should only be had where no viable alternative exists." *Evans,* 418 So.2d 459, citing *State v Lowe,* 398 SO.2d 962, 963 (Fla. 4th DCA 1981).

The trial transcript has no record of the trial judge making the appropriate inquiry required under Rule 3.191(i). The delay caused in this case was not warranted by the State's "footdragging" but due, in part, to two defense continuances.

Appellee cites *State v Passifume,* 420 So.2d 407 (Fla. 4th DCA 1982) and argues that the facts are very similar to the case at bar. Appellee's case, however, is distinguishable. In *Passifume* the State asked for prior continuances and did not express any willingness to go to trial when the continuance was denied. Instead the State requested that the trial court hear another matter until it was prepared for trial. Furthermore, the delays in *Passifume* were attributable to the State unlike the case at bar.

Accordingly, it is hereby,

ORDERED and ADJUDGED that the trial court order dismissing the case against the Appellee for lack of prosecution is REVERSED and REMANDED for further proceedings in accordance with this opinion.

DONE and ORDERED in chambers, at Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Broward County, Florida, 33301, this 22nd day of March, 1991.