GLICKSTEIN, HUGH S., Senior Judge.
The state appeals the trial court’s dismissal of the case at a preliminary hearing due to lack of probable cause. We reverse and remand.
The basis for the trial court’s action was the failure of the victim, who was under subpoena, to appear.
*1217 The prosecutor immediately objected to the dismissal and was given little opportunity to argue. There was a question as to the witness’s willingness or ability to leave her place of employment at the time of the hearing to testify or explain under oath to the trial court what occurred on the date of the alleged aggravated assault with a deadly weapon and domestic batteries upon her. The witness offered to make such explanation at her early afternoon lunch break.
The trial court could have continued the hearing to a later time or held the witness in contempt. These were viable alternatives to dismissal, which was an unnecessarily harsh penalty to impose upon the state. See State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989).
Accordingly, dismissal was unwarranted. See State v. Ottrock, 573 So.2d 169 (Fla. 4th DCA 1991); State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982).
POLEN and SHAHOOD, JJ„ concur.