792 So.2d 606 (2001)
STATE of Florida, Appellant,
v.
Jerry WHITE, Appellee.
No. 4D00-2367.
District Court of Appeal of Florida, Fourth District.
August 22, 2001.
*607 Robert A. Butterworth, Attorney General, Tallahassee, and Susan Odzer Hugentugler, Assistant Attorney General, Fort Lauderdale, for appellant.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state appeals the dismissal of a criminal information for failure to prosecute. We affirm.
The state charged appellee by information with aggravated battery. Appellee was arraigned on March 15, 2000, and on April 24 a defense continuance was granted. The trial, set for June 6, was, during the course of a two week docket, continued on a day to day basis. On June 16 the prosecutor announced that they had not yet located the victim and asked for a continuance, which the court denied. The prosecutor said he could not go to trial without the victim. The victim was not under subpoena and the only contact the prosecutor had with the victim, who was homeless, was through his mother. The victim's mother said she would try to find him, but they had not succeeded by the end of the two-week docket. The prosecutor was not ready to go to trial without the victim and by the end of the two week docket, the police officers were no longer under subpoena. The state offered no assurance that it could or would be able to produce the victim at a later date, and stated to the court:
So when it comes up again, we'll treat it as number one, because the victim doesn't want to go forward in this case. So we'll just nolle pros it at an official time. Right now there's no jury and it's at the end of the two-week docket.
The prosecutor declined the court's invitation to announce a nolle pros and the trial judge dismissed for lack of prosecution.
Generally, it is inappropriate to sanction the state for failure of a witness to appear by dismissing the case when other means to secure the witness's participation, such as continuance, exist. State v. Pope, 675 So.2d 165, 167 (Fla. 3d DCA 1996); State v. Cohen, 662 So.2d 430 (Fla. 3d DCA 1995).
Because of the resultant immunity from future prosecution of a particular charge, dismissal is a very harsh penalty to impose upon the State and is reserved for those instances where no viable alternative exists.
State v. S.M.F., 546 So.2d 20, 21 (Fla. 3d DCA 1989). Here, the state did not give the trial court any reasonable assurance that it could or would find and serve the victim, or that it would go forward with the case if continued. Under these circumstances, we hold that the trial court did not abuse its discretion when it denied the State's motion for continuance and dismissed the information. See State v. McCarthy, 585 So.2d 1167 (Fla. 4th DCA 1991). See also State v. Lawrence, 560 So.2d 400 (Fla. 4th DCA 1990).
AFFIRMED.
DELL, GUNTHER and SHAHOOD, JJ., concur.