STEVENSON, J.
T.D., a minor, was charged with aggravated battery on a pregnant woman. When the victim failed to appear for trial, the judge nonetheless insisted that the State proceed. After the State failed to produce any witnesses, the trial judge pronounced T.D. “not guilty.” The State seeks to appeal the order of the trial judge, arguing that the order is in the nature of a dismissal — not a judgment of acquittal — and that the dismissal was too harsh a sanction. T.D., on the other hand, argues that the order is properly viewed as a judgment of acquittal from which the State cannot appeal. We agree with the State that the order is in the nature of a dismissal, but we affirm the trial court’s exercise of discretion in dismissing the case.
T.D.’s crime was to be tried by the trial judge. And, in the case of a bench trial, jeopardy attaches when the court begins to hear evidence. See, e.g., R.M. v. State, 603 So.2d 64, 65 (Fla. 3d DCA 1992). In Bernard v. State, 261 So.2d 133, 135 (Fla.1972), our supreme court held that a court begins to hear evidence when “the first witness is actually placed on the stand and begins to testify.” Here, no witness ever took the stand. Consequently, jeopardy would not have attached and the trial judge’s disposition of the charge cannot be viewed as a judgment of acquittal. But cf. D.L.B. v. Kirk, 551 So.2d 611, 612 (Fla. 5th DCA 1989)(holding that an order of dismissal based on the State’s failure to present evidence at an adjudicatory hearing is “similar” to a judgment of acquittal and, if not successfully appealed by the State, will operate as an estoppel against the refiling of the same charge).
Generally, the courts have held that “it is inappropriate to sanction the state for failure of a witness to appear by dismissing the case when other means to secure the witness’s participation, such as continuance, exist.” State v. White, 792 So.2d 606, 607 (Fla. 4th DCA 2001); State v. S.M.F., 546 So.2d 20, 21 (Fla. 3d DCA 1989). Here, the record suggests that not only had the victim previously failed to appear for deposition, but that it was the victim’s failure to appear at trial the first time around that resulted in the State’s nolle prosse of the charges and the refiling of the case presently before the court. This time, the State told the trial judge that the victim had been subpoenaed but had a problem with child care. The trial court noted that this was a juvenile case and that continued delay was “prejudicial” to the child:
*553 Court: And I’m ready to call the first witness. Where’s the first witness?
State: The State’s not going to call a witness, Judge.
Court: All right. That’s it?
State: I’m not resting either. I’m not calling witnesses or going forward on the trial based upon the Defense’s motion [for speedy trial] and based upon the circumstances. If Your Honor wants to dismiss the case, that’s up to you.
Court: This is total nonsense. I want you to call your first witness. Just tell me — Who’s your first witness?
State: Judge, the State’s not going to call any witnesses.
Obviously frustrated by the State’s failure to call a witness to the stand, ask that the court compel the victim’s attendance, or forthrightly request a continuance, the trial court then entered its “directed verdict” or rather dismissal in this case. Here, we cannot conclude that the trial court abused its discretion in dismissing the charges. Cf. State v. White, 792 So.2d 606, 607 (Fla. 4th DCA 2001)(holding that dismissal was appropriate where the victim was absent from trial and the State gave the trial court no assurances that it would serve the victim and go forward with the case if it were continued).
AFFIRMED.
KLEIN, J., and BAILEY, JENNIFER D., Associate Judge, concur.