THOMPSON, C.J.
The state appeals the trial court’s order which granted a motion to suppress because the state’s key witness, a police officer, failed to appear at the suppression hearing. We affirm.
Arthur Lee Burke was charged with possession of cocaine with intent to sell or deliver, possession of less than 20 grams of marijuana, and resisting an officer without violence. Burke filed a motion to suppress, alleging that he was illegally stopped and seeking exclusion of the evidence obtained as a result of the stop. The motion alleged that police officer Larry Kamphus observed Burke driving a motor vehicle. In his report, Kamphus had stated that he had probable cause to believe that Burke was driving with a suspended license, and he had further cause to stop Burke because he believed Burke’s car radio was audible from a distance of 250 feet. Kamphus stated in his report that, as he approached Burke, Burke exited his car and walked away from Kam-phus. Kamphus stated that Burke pulled away when Kamphus attempted to grab him. Burke was arrested for driving while his license was suspended and resisting an officer without violence.
Incident to the arrest, Kamphus searched Burke and found 6.5 grams of cannabis in Burke’s one pocket and $665 in cash in another pocket. According to Kamphus’s report, because Burke made a “furtive movement by placing his hands inside his pants (groin area),” he searched that area and found a clear plastic bag with numerous pieces of a cake-like sub *1011 stance that was subsequently determined to be crack cocaine.
At the suppression hearing, the state commented that it was surprised that Kamphus was not presént because Kam-phus had confirmed that he would be present for the hearing. The court deputy called the halls for Kamphus, but there was no response, and the defense requested that the motion to suppress be granted.
The trial court told the state, “of course, if you had — I could work with you time-wise, and I don’t mind waiting around, but there’s not much to do at this point,” and later stated, “I will leave up to you before I rule the opportunity to nolle pros it, but as far as I’m concerned, I’m granting the motion to suppress. You know, it may be a righteous arrest, righteous stop, but if we can’t get anybody to show up, I’m just spinning my wheels.” The state did not file a nolle prosequi or move for a continuance; it simply stated that the trial court was creating an onerous burden for the state.
After the trial court granted the motion to suppress, the state filed a motion to vacate the order. In its motion, the state alleged that Kamphus had called the state attorney’s office advising that he would be about five minutes late for court, but the prosecutor had already left for the suppression hearing. Further, the state alleged that Kamphus arrived at the courthouse approximately twenty minutes after the hearing and informed the state that he was late because he worked the midnight shift the night before and was getting a late start for the day. In Burke’s response to the state’s motion, he pointed out that the state did not request a continuance during the hearing and argued that the state’s motion to vacate failed to allege sufficient legal grounds to overcome the trial court’s discretion. The trial court denied the motion to vacate the order.
On appeal, the state contends that the trial court abused its discretion when it granted the motion to suppress. We do not agree. The prosecution has certain evidentiary burdens, see Palmer v. State, 753 So.2d 679 (Fla. 2d DCA 2000), and here, the trial court advised the state of its alternatives when Kamphus failed to appear. See State v. Pope, 675 So.2d 165, 167-168 (Fla. 3d DCA 1996)(when something unforseen occurs such as the prosecution’s main witness failing to appear, such options for the state are to file a nolle prosequi and re-file at a later time, or to proceed without its main witness); see also State v. Bouma, 554 So.2d 641, 642 (Fla. 4th DCA 1989)(the trial court abused its discretion in dismissing a case for lack of prosecution when the state was unable to produce a witness at a deposition without permitting other alternatives such as continuance or nolle prosequi). Here, the trial court stated, “I will leave up to you before I rule the opportunity to nolle pros it, but as far as I’m concerned, I’m granting the motion to suppress ... do you have a decision you want to make?” The state had an opportunity to request a continuance or file a nolle prosequi, but failed to do either. Therefore, the trial court was within its discretion to grant the motion to suppress.
AFFIRMED.
SHARP, W., and SAWAYA, JJ., concur.