968 So.2d 599 (2007)
STATE of Florida, Appellant,
v.
Amenhotep Alihakeem KALFANI, Appellee.
No. 2D06-1960.
District Court of Appeal of Florida, Second District.
September 26, 2007.
Rehearing Denied November 1, 2007.
*600 Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellee.
SILBERMAN, Judge.
In trial court case number 05-CF-023223, the State charged Amenhotep Alihakeem Kalfani with robbery with a firearm, possession of cocaine, and possession of drug paraphernalia. In case number 05-CF-024694, the State charged Kalfani with felon in possession of a firearm. When a key witness for the State failed to appear for trial, the trial court dismissed both cases. The State appeals the order of dismissal. We conclude that the trial court erred in dismissing the cases and reverse.
The absent witness was the victim of the alleged robbery and was the only person who could testify as to Kalfani's possession of a firearm. At a pretrial conference on April 6, 2006, Kalfani's counsel advised the court that the victim had twice failed to appear for deposition even though he had been served with a subpoena. Counsel stated that trial was set for April 10, 2006, that he needed more time to depose the victim, that speedy trial would not run until May 21, 2006, and that he did not want to waive speedy trial. The State indicated that the victim had been subpoenaed for the upcoming trial but suggested that perhaps the trial court should issue an order to show cause to the victim. The trial court decided to leave the case set for trial but did not issue an order to show cause.
On the scheduled trial date, Kalfani's counsel advised the trial court that the victim was not present and reminded the court that he had failed to appear for deposition. Counsel reiterated that speedy trial would not run until May and that he did not wish to waive speedy trial. In response to the court's question, the State acknowledged that it was not ready to go to trial. At that point, the trial court invited defense counsel to make a motion. Kalfani's counsel moved for dismissal, which the court granted as to both cases.
We review the order of dismissal using the abuse of discretion standard. See State v. Ray, 525 So.2d 1033, 1034 (Fla. 2d DCA 1988); State v. L.E., 754 So.2d 60, 61 (Fla. 3d DCA 2000). It is well established that dismissal is an extreme sanction that "should be imposed only when less severe sanctions would not accomplish the desired result." Ray, 525 So.2d at 1034. The sanction is "reserved solely for those instances where no feasible alternative exists." L.E., 754 So.2d at 61; see also State v. White, 792 So.2d 606, 607 (Fla. 4th DCA 2001) ("Because of the resultant immunity from future prosecution of a particular charge, dismissal is a very harsh penalty to impose upon the State and is reserved for those instances where no viable alternative exists."). In L.E., this court recognized that the sanction of dismissal punishes the public rather than the witness who failed to appear or the State, and it results in a windfall to the defendant. 754 So.2d at 61.
In State v. Ottrock, 573 So.2d 169, 169 (Fla. 4th DCA 1991), the trial court dismissed an information because the victim's deposition had not taken place and the victim failed to appear for trial even though he was under subpoena. Id. The appellate court reversed, observing that there was no indication the State had violated any discovery orders, that the defendant did not show any prejudice in the preparation of his defense, and that the defendant was not incarcerated while *601 awaiting trial. Id. at 169-70. The court sympathized with the trial court's frustration but concluded that the facts of the case did not reflect "the type of prejudice or unfairness which allows a dismissal." Id. at 170.
In State v. Hamilton, 387 So.2d 555, 556 (Fla. 2d DCA 1980), this court reversed an order of dismissal that had been entered when the State asked for a second continuance due to witness unavailability. The court stated that dismissal is "too extreme a sanction where there is no showing of prejudice or unfairness to the [defendant]." Id. The court also noted that the trial court could have denied the motion for continuance and then, if the State failed to prove a prima facie case, the trial court could have entered a directed verdict for the defendant. Id.
This court has reiterated that an alternative to dismissal is to continue the case for a period of time that is sufficient for the defendant to obtain the discovery and prepare for trial, assuming adequate time remains under the defendant's speedy trial period. See Ray, 525 So.2d at 1034. A trial court has sanctions available to it that could be directed at a witness to compel attendance at a deposition and at trial. See State v. Gonzalez, 695 So.2d 1290, 1292 (Fla. 4th DCA 1997) (discussing the use of contempt proceedings or the issuance of a writ of bodily attachment to compel a witness's attendance). If a court elects to deny a request for continuance by the State, the State may then choose to withdraw the charges (and if possible, refile them at a later time) or may choose to proceed to trial without the witness. See L.E., 754 So.2d at 61; Ottrock, 573 So.2d at 169; State v. S.M.F., 546 So.2d 20, 21 (Fla. 3d DCA 1989).
In certain circumstances, dismissal may be appropriate when the State does not "give the trial court any reasonable assurance that it could or would find and serve the victim, or that it would go forward with the case if continued." White, 792 So.2d at 607. In White, at the time of trial the State had not subpoenaed or even located the victim, who was homeless. The victim's mother had told the prosecutor that she would try to find the victim, but she was unsuccessful by the end of the two-week trial docket. The State was unable to provide any assurance to the trial court that it could produce the victim at a later date. Id.
In State v. T.D., 837 So.2d 551 (Fla. 4th DCA 2003), dismissal was upheld when the victim failed to appear for trial in a refiled case. The State had nol prossed the original case after the victim failed to appear for deposition or trial. At the time of trial in the refiled case, the trial court stated that continued delay was prejudicial to T.D., a minor. Id. at 552. The court asked the State to call its first witness, but the State refused to do so or to go forward with the trial, indicating that "[i]f Your Honor wants to dismiss the case, that's up to you." Id. at 553. The Fourth District concluded that under the circumstances, the trial court did not abuse its discretion in dismissing the charges. Id.
Here, dismissal was too harsh a sanction, particularly when lesser sanctions had not been attempted to compel the victim's appearance. The State suggested that the trial court could issue an order to show cause to the victim, but the trial court did not do so. The victim was under subpoena, and there is no indication that the victim failed to appear for deposition or at trial through any fault of the State. Although defense counsel noted that he needed to take the victim's deposition and that Kalfani was in custody, defense counsel did not argue that a sanction short of dismissal would prejudice his client. Further, neither the State nor defense counsel *602 asserted that further efforts to secure the victim's presence would have been futile.
We recognize the difficulty the trial court faced in balancing the need to give the State a reasonable opportunity to prosecute its cases while protecting Kalfani's right to a fair and speedy trial. But under these circumstances, the court's dismissal of the case without first attempting less severe alternatives requires that we reverse and remand for further proceedings.
Reversed and remanded.
NORTHCUTT, C.J., and CASANUEVA, J., Concur.