PER CURIAM.
 

 The State of Florida petitions for a writ of certiorari quashing the trial court’s September 1, 2009, order which excluded a key State witness from testifying at Respondent’s trial, based on the State’s commission of a Richardson
 
 [1]
 
 violation. Respondent concedes error and, thus, we grant the petition for writ of certiorari and quash the order of the trial court excluding the State’s witness.
 

 In
 
 O’Brien v. State,
 
 454 So.2d 675, 676-77 (Fla. 5th DCA 1984), this court held:
 

 Appellant’s trial counsel failed to comply with Florida Rule of Criminal Procedure 3.220(b)(3) because he did not timely file a list of defense witnesses within seven days of receipt of the state’s list of witnesses. Defense counsel should be discouraged from doing that. Under appropriate circumstances sanctions should also be imposed against defense counsel, or even the defendant in some cases. Here the trial judge excluded all defense witnesses from giving testimony. Although it is within the judge’s discretion to exclude witnesses that most extreme sanction should never be imposed except in the most extreme cases, such as when purposeful, prejudicial and with intent to thwart justice.
 
 Anderson v. State,
 
 314 So.2d 803 (Fla. 3d DCA 1975);
 
 Williams v. State,
 
 264 So.2d 106 (Fla. 4th DCA 1972);
 
 Kruglak v. Slate,
 
 300 So.2d 315 (Fla. 3d DCA 1974);
 
 Patterson v. State,
 
 419 So.2d 1120 (Fla. 4th DCA 1982).
 

 (Emphasis added).
 
 See also State v. Gonzalez,
 
 695 So.2d 1290, 1292 (Fla. 4th DCA 1997) (noting that exclusion of a witness is an appropriate sanction only where some lesser form of sanction has already failed);
 
 State v. Kalfani,
 
 968 So.2d 599, 601 (Fla. 2d DCA 2007) (“This court has reiterated that an alternative to dismissal is to continue the case for a period of time that is sufficient for the defendant to obtain the discovery and prepare for trial, assuming adequate time remains under the defendant’s speedy trial period.”).
 

 We are not unsympathetic to a trial court’s need to manage a docket, frustrated by last minute delays on both sides, often occasioned by a lack of preparation. However, exclusion of either a State or defense witness is an extreme sanction
 
 *1271
 
 reserved for exceptional circumstances not found in the instant case.
 

 PETITION GRANTED; ORDER QUASHED.
 

 MONACO, C.J, COHEN and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 Richardson v. State,
 
 246 So.2d 771 (Fla.1971).