DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**PELAYO CERULIA,**
Appellee.

No. 4D2022-1941

[May 22, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 16-000031-CF10A.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellant.

G. Bart Billbrough of The Billbrough Firm, P.A., Miami, for appellee.

DAMOORGIAN, J.

The State appeals the trial court's order dismissing its case against Pelayo Cerulia ("Defendant") as a sanction for interfering with Defendant's access to a material witness. For the reasons outlined below, we reverse.

By way of background, the Pembroke Pines Police Department investigated reports of a prowler looking into the windows of several homes and engaging in vandalism. Defendant was identified from photograph images captured by surveillance cameras and was arrested in late 2015 and charged in four different cases. In the underlying case, Defendant was charged with: Burglary (Dwelling/Battery); Burglary (Dwelling/Occupied); Throwing a Missile into a Public or Private Building; Aggravated Stalking (Credible Threat); and Felony Battery (Prior Conviction).

In early 2017, defense counsel moved to compel the deposition of Peter Sandor (the "Detective"), a former detective at the Pembroke Pines Police Department who was involved in the investigation that led to the charges against Defendant. The Detective left his employment at the Pembroke

Pines Police Department and relocated to Pennsylvania. Undoubtedly a key witness, the motion was granted, and defense counsel diligently deposed the Detective in April 2017 in Pennsylvania. During his deposition, the Detective revealed that one of the victims provided inconsistent testimony regarding the description of Defendant, as well as other information beneficial to the defense.

In early 2018, defense counsel filed a motion requesting the court declare the Detective unavailable as a witness and deem his deposition testimony perpetuated for use at trial. Defense counsel based the request on the fact that the Detective had relocated out of state and would be unavailable for trial. The trial court denied the motion. Thereafter, the defense made multiple attempts to contact the Detective to inform him that he would need to sit for a second deposition. This prompted the Detective to complain to the Assistant State Attorney ("ASA") that defense counsel was harassing him regarding his need to sit for a second deposition in Florida. In January 2019, defense counsel again filed a motion to perpetuate the Detective's testimony, asking the court to allow Defendant to perpetuate the Detective's testimony in Texas, where he had then relocated, and allow Defendant to use the testimony at trial. The defense noted it had repeatedly contacted the Detective asking him to travel to Florida to be deposed.

At the hearing on the motion to perpetuate, it was revealed that in December 2018, the ASA told the Detective that he had already been deposed and did not need to answer defense counsel's calls. The ASA asserted she was unaware the defense was seeking to perpetuate the Detective's testimony for trial, despite the fact that a motion to perpetuate testimony had previously been filed and denied. Defense counsel asked the court to order the State to facilitate the communication between defense counsel and the Detective. The ASA assured the court she would communicate to the Detective his need to cooperate with the defense in setting the deposition. The court granted Defendant's motion and subsequently issued a written order providing the motion was granted "for the reasons stated on the record" ("Order Granting Motion to Perpetuate Testimony").

Between April and June 2019, the court held three status hearings. At the first two status hearings, defense counsel represented that the Detective was not responding to emails or phone calls. The State similarly was not able to get in contact with the Detective despite multiple attempts to contact him. At the third status hearing held in June 2019, the State advised the court that the Detective had changed his number because of the harassment he was receiving from defense counsel. During the

2

hearing, the court called the Detective in open court, presumably to facilitate the scheduling of the deposition and avoid further delay. During this conversation, the Detective advised the court that he did not disappear and that he was in constant contact with the Pembroke Pines Police Department, who had his new number. The Detective also advised the court that he was willing to be deposed in Florida. The court told the Detective that he had to sit for a deposition to perpetuate his testimony for trial. The court ordered: (1) the defense to provide four deposition dates; (2) the parties to agree on one date; (3) the date be coordinated through the Detective's former supervisor at the Pembroke Pines Police Department; and (4) the court to make itself available for any rulings required. A written order followed.

Following the June 2019 order, after some back and forth between the parties, the Detective's deposition was ultimately set for April 2020 in Florida. However, due to the COVID pandemic, it was cancelled. A second deposition was scheduled for July 2021; however, a few days before the date, the Detective cancelled because a family member became ill. A status hearing was held in September 2021. The State represented it was doing everything it could to assist defense counsel in getting the Detective deposed and would continue to do so. The State suggested holding the deposition via Zoom; however, the court said it needed to be in person. The State also offered to provide the Detective's new work address and email in supplemental discovery, to which the court, understandably frustrated, suggested to defense counsel to file a motion to dismiss. Thereafter, taking the court's suggestion, defense counsel filed a motion to dismiss. The court ultimately granted the motion and dismissed the criminal charges, finding the State had interfered with Defendant's access to the Detective which in turn had affected defense counsel's ability to perpetuate the Detective's testimony. This appeal follows.

On appeal, the State argues the trial court abused its discretion in granting Defendant's motion to dismiss because: (1) Defendant did not present competent, substantial evidence that the State intentionally or negligently caused the Detective's unavailability, and (2) the court did not exhaust all viable means to secure the Detective's attendance at the deposition, and that any prejudice which Defendant alleged did not warrant dismissal. We agree.

We review a trial court's order dismissing criminal charges due to a witness's unavailability for abuse of discretion. *See State v. Pope,* 675 So. 2d 165, 167 (Fla. 3d DCA 1996); *State v. Bouma,* 554 So. 2d 641, 642 (Fla. 4th DCA 1989). "Dismissal of criminal charges is an extreme sanction reserved solely for those instances where no feasible alternative exists.

3

The reason that dismissal of criminal charges should be utilized as a last resort is that this sanction punishes the public not the state . . . and results in a windfall to the appellee." *City of Hollywood v. Haynie*, 337 So. 3d 369, 371 (Fla. 4th DCA 2022) (citations and internal quotation marks omitted).

It is well established that "[t]he state is obligated, through the Fourteenth Amendment, to provide the accused compulsory process for the attendance of material witnesses, as required by the Sixth Amendment to the United States Constitution." *Ashley v. State*, 433 So. 2d 1263, 1269 (Fla. 1st DCA 1983). "Where the unavailability of a witness who is material to the defendant's case is shown to have been procured or caused by the state's intentional conduct or its failure to use reasonable care, the state may well be guilty of having deprived an accused of his right to compulsory process if the trial proceeds without such witness." *Id.*; *see also Demps v. State*, 416 So. 2d 808, 810 (Fla. 1982) ("[W]e discern a serious due process taint whenever the state interferes with testimony."). However, "[w]here the failure of the State to produce a witness or evidence in compliance with an order of the court is based on negligence rather than willful noncompliance, and where the facts do not even in the slightest support a conclusion that the defendant's constitutional rights have been violated, dismissal of the charges and discharge of the defendant is not an appropriate sanction." *State v. Saldarriaga*, 486 So. 2d 683, 683 (Fla. 3d DCA 1986); *see also State v. Kalfani*, 968 So. 2d 599, 600 (Fla. 2d DCA 2007) (holding that "[i]t is well established that dismissal is an extreme sanction that 'should be imposed only when less severe sanctions would not accomplish the desired result'" (citation omitted)).

Here, although the State previously told the Detective he did not need to respond to defense counsel's attempts to contact him, this was due to the State's information from the Detective that defense counsel was harassing him and the fact that the Detective had already been deposed. This was prior to defense counsel filing a motion to perpetuate and prior to any court order. Thus, we focus on the State's conduct after the April 2019 Order Granting Motion to Perpetuate Testimony.

After entry of the Order Granting Motion to Perpetuate Testimony, the State confirmed it told the Detective to cooperate with defense counsel in scheduling the deposition and made repeated efforts to coordinate with the Detective. The record is clear that both defense counsel and the State struggled to maintain contact with the Detective. At some point, the Detective purportedly changed his phone number, further impeding both defense counsel's and the State's ability to maintain contact with the Detective. The Detective was called in open court in June 2019, at which

4

time the court instructed him to cooperate with defense counsel and sit for a deposition. Subsequently, the parties were ordered to collectively work together to schedule the Detective's deposition, and it was to be coordinated through the Detective's former supervisor at the Pembroke Pines Police Department. Although there was a long delay in scheduling the Detective's deposition, the delay was in large part due to the COVID pandemic and the Detective's cancellation of the second scheduled deposition, not the State's actions. *See State v. Gorrio*, 726 So. 2d 832, 833 (Fla. 3d DCA 1999) (recognizing that the State is not responsible for its witnesses' lack of cooperation); *Pope*, 675 So. 2d at 167 ("A State witness is not an agent of the State; therefore, the conduct of the witness cannot be construed as State action."). Although the State may not have acted as zealously as the court would have liked, nothing in the record reflects the State intentionally or negligently interfered with the scheduling of the Detective's deposition.

Further, "[w]hile we sympathize with the trial court's frustration, we must reverse, holding in line with *State v. Evans*, 418 So. 2d 459 (Fla. 4th DCA 1982), that dismissal of criminal charges is only an action of last resort where *no* viable alternative exists." *State v. Ottrock*, 573 So. 2d 169, 169 (Fla. 4th DCA 1991). Here, there were remedies available to the court short of dismissal. For instance, the court could have reconsidered Defendant's first motion to perpetuate and allowed defense counsel to read the transcript of the Detective's first deposition to the jury. Alternatively, the court could have initiated contempt proceedings to compel the Detective to appear for deposition. With these options available to the court, dismissal was at best premature. *See id.*; *State v. L.J.T.*, 921 So. 2d 746, 748 (Fla. 5th DCA 2006) (reversing order granting motion to dismiss where "the record does not reflect that lesser sanctions had been attempted and shown to be futile, and the order and hearing transcript do not reflect any serious consideration of a less severe sanction").

*Reversed and remanded.*

GROSS and GERBER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***