# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**LAKESHA POITIER,**
Appellee.

No. 4D2024-0106

[November 27, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Allison Gilman, Judge; L.T. Case No. 23-000932-MM40A.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Senior Assistant Attorney General, West Palm Beach, for appellant.

No brief filed on behalf of appellee.

CIKLIN, J.

The state appeals the trial court's dismissal of a first-degree misdemeanor charge. Because the assistant state attorney invited the trial court to dismiss the prosecution, we affirm.

When the parties initially appeared before the trial court, the assistant state attorney, then assigned to the matter, said, "Your Honor, just for the record, state waives its right to a jury trial and we ask if [the defendant] would do the same, if she'd like a non-jury trial." The defendant agreed and also waived her right to a jury trial, and accordingly, the case was set for a non-jury trial.

When the parties appeared for trial on the scheduled trial date, a different assistant state attorney appeared on behalf of the state. Without seeking leave of court or other accommodations based on any unforeseen circumstances, the new ASA announced that the state was unwilling to waive its right to a jury trial. The trial court indicated that the predecessor ASA had waived jury trial. The new ASA indicated that she could not "speak to what the other ASAs did," and asked the trial court to "transfer

this case to central for a jury trial." The trial court denied the request, and the defendant reiterated her waiver of her right to jury trial. The new ASA continued to argue that the state's consent to the jury trial waiver was required.

The trial court then asked for the state to call its first witness, and the new ASA said the state was "not willing to go forward at this time." With this procedural impasse, and at the state's direction, the trial court announced that because the state did not present any evidence, the trial court could not direct a verdict, but rather would have to dismiss the case. Because the state did not seek leave to continue the matter or offer any mitigating circumstances which might nullify the state's prior agreement to waive trial by jury, the trial court dismissed the case.

On appeal, the state contends that the trial court erred by sua sponte dismissing the charge. We review a trial court's dismissal of a criminal charge for an abuse of discretion. *State v. Briggs*, 578 So. 2d 901, 901 (Fla. 4th DCA 1991).

The state is correct insofar as it argues that, in the absence of a motion to dismiss or a statute permitting the dismissal, the prosecutor generally has the sole discretion to prosecute or dismiss criminal charges. *See State v. Brosky*, 79 So. 3d 134, 135 (Fla. 3d DCA 2012).

However, in determining whether a trial court has abused its discretion in dismissing criminal charges, we have looked to whether the state's continuance request and/or failure to proceed was "willful or deliberate," or whether the state "indicate[d] a refusal to proceed with the trial if so ordered." *See Briggs*, 578 So. 2d at 901 (reversing dismissal where state asked for continuance due to witness problems, there was no apparent prejudice to defendant, and state did not indicate a refusal to proceed if ordered); *State v. Wilson*, 498 So. 2d 1053, 1054 (Fla. 4th DCA 1986) (reversing dismissal where state was not ready to proceed morning of trial because victim could not be located, viable alternatives would not prejudice defendant, and state's failure to proceed did not appear willful or deliberate from the record). Where the state refuses to proceed without a good faith reason, the trial court does not abuse its discretion by dismissing charges. *See State v. T.D.*, 837 So. 2d 551, 553 (Fla. 4th DCA 2003) (holding trial court did not abuse its discretion in dismissing charges where state failed "to call a witness to the stand, ask that the court compel the victim's attendance, or forthrightly request a continuance").

Here, the state never formally sought to revoke its consent to the jury trial waiver, waited until the day of trial to seek a jury trial, and did not

move for a continuance, but rather simply demanded that the case be transferred and refused to proceed when the trial court declined to transfer the case. This cavalier refusal by the new ASA was compounded by her failure to suggest a meaningful solution or provide a reasonable alternative. Under these circumstances, the trial court did not abuse its discretion by dismissing the charge.

The state cannot now complain of error for which the state itself is responsible and which the state, in essence, invited the trial court to make.

Accordingly, the trial court did not err, and we affirm the dismissal.

*Affirmed.*

WARNER and GROSS, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***