508 So.2d 560 (1987)
STATE of Florida, Appellant,
v.
Jacquiline DAISE, Appellee.
STATE of Florida, Appellant,
v.
Alfred DAISE, Appellee.
Nos. 4-86-1849, 4-86-1866.
District Court of Appeal of Florida, Fourth District.
June 17, 1987.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
STONE, Judge.
The state appeals the dismissal of an information following the failure of a witness to appear for deposition. The trial judge had previously ordered the state to produce the witness, who was the victim of an aggravated child abuse. The mother of the victim also failed to appear at the depositions which were set for the day of the trial call. We reverse. State v. Wilson, 498 So.2d 1053 (Fla. 4th DCA 1986); State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982); State v. Lowe, 398 So.2d 962 (Fla. 4th DCA 1981); State v. Valdes, 443 So.2d 302 (Fla. 3d DCA 1983).
There are numerous remedies available to the court, in an appropriate case, when a state's witness fails to appear. The court may commence the trial without the witness; exclude the witness after a hearing following the criteria set forth in Richardson v. State, 246 So.2d 771 (Fla. 1971); grant a continuance to the defense; issue a rule to show cause why the witness should not be held in contempt; hold the witness in contempt; issue a writ of body attachment; or impose other sanctions. Only the state however, may dispose of the case by a nolle prosequi. Cf. Wilson; Evans; Lowe; Valdes; State v. Merritt, 394 So.2d 531 (Fla. 3d DCA 1981); Knight v. State, 373 So.2d 52 (Fla. 4th DCA 1979), *561 cert. denied, 385 So.2d 761 (Fla. 1980); State v. Carda, 495 So.2d 912 (Fla. 3d DCA 1986).
We therefore reverse and remand for further proceedings.
ANSTEAD and WALDEN, JJ., concur.