GERSTEN, Judge,
dissenting.
I respectfully dissent. I find two grounds upon which I would reverse and remand: (1) the suppression of the evidence amounted to a dismissal and is unduly harsh; and (2) the motion to suppress fails to comply with rule 3.190(h), Florida Rules of Criminal Procedure, because: (a) it does not clearly state the particular evidence sought to be suppressed; and (b) it fails to state sufficient facts which, if true, would demonstrate that the evidence is inadmissible. Both of these grounds would independently support a reversal.
I.
SUPPRESSION AMOUNTED TO AN IMPROPER DISMISSAL AND WAS UNDULY HARSH.
On August 30, 1988, appellee, Castor Segundo Fortesa-Ruiz, was arrested for possession of rock cocaine. On October 28, 1988, appellee filed a motion to suppress evidence and a hearing on the motion was scheduled for November 21, 1988. The State had subpoenaed its witnesses to appear on that date.
Meanwhile, appellee had another case pending before the same trial judge. That case, an unrelated but similar arrest for possession of cocaine, also had pending a motion to suppress. The hearing on that motion was scheduled for November 7, 1988.
On November 2, 1988, five days prior to the November 7 hearing date (set for the other unrelated case), the court, sua sponte, rescheduled the hearing in this case to coincide with the hearing in appel-lee’s other pending case. Although both cases involved similar charges, they were otherwise unrelated, and involved different arresting officers and witnesses.
The State did not object to the rescheduling. However, the record does not reflect whether the State knew of any problems in securing the appearance of its witness for *1182 the accelerated sua sponte date. Regardless, to require the State to object to a sua sponte rescheduling is unreasonable in the absence of any known scheduling problems. Further, it is unclear from the record what effect a State objection to the rescheduling would have had.
What is clear from the record is that the State had a total of three working days to ensure the attendance of its witness on the sua sponte advanced date.[1] On the date of the hearing, the State’s witness was not present and the State advised the court that it had been unable to prevent the issuance of the subpoenas for the original scheduled date.
The record does not contain a specific State motion for continuance. However, at two different times during this hearing the State attempted to make a motion and was stopped by the court.
THE COURT: Then you should have your officer here if I did it last week. Let’s go on the one we have the officer.
MS. ROBERTS (State): At this time the State—
THE COURT: I’ll grant the motion in which the State is not ready.
[[Image here]]
MR. SCHWARTZ (Defense): What about the other case; the other motion to suppress in Mr. Fortesa’s other case?
The State is not ready. We move to dismiss, lack of prosecution.
MS. ROBERTS: No, sir.
THE COURT: Court told you to have your witnesses here.
MS. ROBERTS: Your honor, I would like to make a record as to legal sufficiency....
THE COURT: What’s the case in which the officer did not appear?
MS. ROBERTS: Case Number 88-29151....
THE COURT: That motion is granted on the basis that the State has failed to— MS. ROBERTS: Can the State make a record with regard to—
THE COURT: 88-29151, motion is granted.
Thus, the court granted the motion to suppress based on the State’s failure to proceed while at the same time denying the State an opportunity to make a motion either to continue or otherwise prevent the forthcoming suppression on any grounds whatsoever.
The effect of granting the motion to suppress was to preclude the State from proceeding in the prosecution of the case. A translucent observation of the trial court’s ruling evinces that it was nothing more and nothing less than a dismissal for lack of prosecution.
Dismissal is a very harsh penalty to impose upon the State and is reserved for those instances where no viable alternative exists. State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989); State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA), review denied, 453 So.2d 45 (Fla.1984); State v. Lowe, 398 So.2d 962 (Fla. 4th DCA 1981). There were several alternatives available to the court other than granting the motion to suppress. The court could have held the suppression hearing at a later date, or even during trial. See also State v. Daise, 508 So.2d 560 (Fla. 4th DCA 1987).
This is not to say that a trial judge cannot declare the prosecution of a case abandoned. However, such a finding of abandonment must be supported by the record. State v. Alvarez, 258 So.2d 24 (Fla. 3d DCA 1972). In those cases where an information has been dismissed for lack of prosecution, the inquiry on appeal has been on the willful or deliberate nature of the failure to proceed or to produce witnesses, coupled with an alleged prejudice to the defendant. State v. Lundy, 531 So.2d 1020 (Fla. 2d DCA 1988); State v. Thomas, 519 So.2d 1091 (Fla. 2d DCA 1988); State v. Daise, 508 So.2d at 560; State v. Wilson, 498 So.2d 1053 (Fla. 4th DCA 1986); State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982); State v. Hamilton, 387 So.2d 555 (Fla. 2d DCA 1980). In the present case, *1183 the record reveals no abandonment, no willful or deliberate tactics to delay or hinder the prosecution of the case, and, since this hearing would have been the first scheduled hearing on the case after arraignment, no prejudice to appellee.
I am unpersuaded by the majority’s argument that the motion was correctly granted because the State failed to rebut appellee’s prima facie showing that the evidence was improperly obtained. None of the cases relied upon for this contention by the majority involve an instance where the State was precluded from presenting its witnesses. See State v. Williams, 538 So.2d 1346 (Fla. 4th DCA 1989); Irons v. State, 498 So.2d 958 (Fla. 2d DCA 1986); Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981); Black v. State, 383 So.2d 295 (Fla. 1st DCA), review denied, 392 So.2d 1371 (Fla.1980); Andress v. State, 351 So.2d 350 (Fla. 4th DCA 1977).
The effect of the suppression was virtually to deny the State the ability to prosecute the case, and was, therefore, tantamount to a dismissal. I find that the granting of the motion to suppress was an extremely harsh remedy, precipitous and an abuse of discretion.
II.
THE MOTION TO SUPPRESS IS LEGALLY INSUFFICIENT BECAUSE IT FAILS TO STATE THE PARTICULAR EVIDENCE SOUGHT TO BE EXCLUDED; AND, BECAUSE IT FAILS TO STATE SUFFICIENT FACTS WHICH WOULD DEMONSTRATE INADMISSIBILITY.
Not only did the State not abandon its case, but even after the court had twice stated its intention to grant the motion, the State persisted in its attempt to prevent suppression. The State pointed out the court’s failure to comply with rule 3.190, Florida Rules of Criminal Procedure.
THE COURT: 88-29151, motion is granted.
MS. ROBERTS: State relies not only on the rule.
THE COURT: On what case are you talking about?
MS. ROBERTS: This case.
THE COURT: 88-30792?
MS. ROBERTS: No, no.
88-29151. You just granted that motion because we are not ready.
We did not even address the legal sufficience (sic) on (sic) the motion required by the rules ...
MR. SCHWARTZ: We would move to amend the motion to suppress.
THE COURT: No, denied.
MS. ROBERTS: Your Honor, the Court is required under rule 31.9 (sic) to make a finding legal sufficiency of the motion. THE COURT: Let me see the motion. 88-29151, withdraw the grant.
The State was correct. Rule 3.190(h), Florida Rules of Criminal Procedure, mandates that the court must first determine the legal sufficiency of the motion. Rule 3.190(h)(3), Florida Rules of Criminal Procedure, provides in pertinent part:
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the State may offer rebuttal evidence. [Emphasis added]
After some argument from the State the court again granted the motion based on the State’s failure to proceed:
THE COURT: The Court has read this motion to suppress.
The evidence, finding it legally sufficient and grant the motion. State failed to proceed.
Since no evidence was presented between the time that the court first granted the motion, then withdrew its granting, and then made the ultimate finding of legal sufficiency, the court based its finding of legal sufficiency solely on a reading of the motion.
A reading of the motion, however, demonstrates that the motion fails to meet legal sufficiency on at least two grounds: (1) failure to state the specific evidence to be *1184 suppressed; and, (2) insufficient facts to support inadmissibility. The motion to suppress filed by appellee seeks “to suppress the evidence enumerated below as the product of an unreasonable search and seizure.” What immediately follows is a handwritten notation “cocaine.” The facts upon which the motion is based, however, enumerate two separate pieces of evidence seized by the police, both containing cocaine. Rule 3.190(h)(2), Florida Rules of Criminal Procedure, mandates that a motion to suppress evidence in an unlawful search “shall clearly state the particular evidence sought to be suppressed [emphasis added].”
The motion fails to state which of the two pieces of evidence appellee sought to exclude. In fact, the defense conceded that a problem existed by immediately moving to amend the motion when the State argued that the motion was legally insufficient. Paradoxically, the court denied the motion to amend but granted the motion as it stood. Based on appellee’s failure to state with specificity which cocaine evidence he sought to exclude, I would find such a motion to be legally insufficient, although I would permit appellee to amend.
A motion to suppress must also contain sufficient facts, which if taken as true will demonstrate that the evidence sought is not admissible. Bicking v. State, 293 So.2d 385 (Fla. 1st DCA 1974) (Boyer, J., concurring). The facts contained in the motion are scanty, at best. They allege that: appellee was standing speaking with two women; when the women saw the police they fled; the police officer stopped appellee as he began to walk away; appel-lee allegedly dropped a clear plastic bag containing suspect cocaine; appellee was arrested and charged with possession; a search after the arrest revealed a clear plastic bag containing suspect cocaine. All these facts taken together are not sufficient, by themselves, to demonstrate that the evidence sought is inadmissible.
For the above reasons, I would reverse and remand with instructions that a hearing on the motion to suppress be held pursuant to rule 3.190(h), Florida Rules of Criminal Procedure.

. On November 7, 1988, the court first held a hearing on the motion to suppress in the unrelated case and denied the motion. The court then sought to dispose of the motion to suppress in this case.