862 So.2d 941 (2004)
STATE of Florida, Appellant,
v.
Eric REEDY, Appellee.
No. 2D03-1577.
District Court of Appeal of Florida, Second District.
January 14, 2004.
*942 Charles J. Crist, Jr., Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee.
WALLACE, Judge.
The State appeals the trial court's order dismissing a grand theft charge filed against Eric Reedy. Because Reedy's motion for dismissal was not made in writing and served on the State a reasonable time before the hearing as required by Florida Rules of Criminal Procedure 3.060 and 3.190(a), we reverse and remand for further proceedings.
The State charged Reedy with one count of grand theft and one count of perjury in an official proceeding. On the day of the scheduled trial, Reedy's counsel informed the court that a plea agreement had been reached on the perjury charge. Then defense counsel made an oral motion to dismiss the grand theft charge, arguing various grounds in support. Although the prosecutor objected and advised the court that he had no time to prepare for argument because he had just been confronted with the defense arguments, the trial court dismissed the grand theft count.
Florida Rule of Criminal Procedure 3.190(a) requires that a motion to dismiss be in writing. State v. Alexander, 831 So.2d 1252 (Fla. 2d DCA 2002); State v. Pope, 674 So.2d 901 (Fla. 2d DCA 1996). Moreover, rule 3.060 requires that notice of a hearing concerning a written motion that may not be heard ex parte shall be served on the adverse party "a reasonable time" before the hearing. Because the defense did not file a written motion to dismiss, the State had no opportunity to prepare its version of the facts for the consideration of the trial court as contemplated by rule 3.190(d). See Pope, 674 So.2d at 901. Accordingly, the trial court erred in dismissing the grand theft charge against Reedy.
Reversed and remanded for further proceedings.
CASANUEVA and STRINGER, JJ., Concur.