PETERSON, J.
The State of Florida appeals the dismissal of two cases in which Donald Franklin, Jr. was charged with driving while his license was cancelled, suspended or revoked as an habitual offender, (“DWLC”), a third degree felony (case no. 2004-CF-625), and one count of DWLC together with an additional count of possession of cannabis, twenty grams or less, a first degree misdemeanor (ease no. 2004-CF-632).
Franklin entered a plea of nolo conten-dere to DWLC in a third case no. 2004-CF-427, and the trial judge dismissed the two other cases over the objection of the State. The trial court was apparently influenced by Franklin having made efforts to obtain a license, the cost to taxpayers to prosecute, and “the best interest of judicial economy.” Notwithstanding the trial court’s good intentions, the dismissal of the two cases over the State’s objection was an abuse of discretion. See, e.g., State v. Wheeler, 745 So.2d 1094, 1096 (Fla. 4th DCA 1999) (holding that trial court’s sua sponte dismissal of charge constituted an improper infringement upon state’s discretion to prosecute, notwithstanding trial court’s belief that the best interests of the public and the parties would be served by dismissal); State v. McClain, 509 So.2d 1360 (Fla. 2d DCA 1987) (holding that trial court was without authority to dismiss charge filed against defendant or to remove allegation from another charge sua sponte, without obtaining state’s consent); State v. Burnett, 468 So.2d 1119 (Fla. 4th DCA 1985) (holding that trial court could not sua sponte dismiss charges filed against defendant, as court’s actions were tantamount to entering a nol pros on behalf of state, and decision to nol pros an information is vested solely in the discretion of the state).
The dismissals are vacated and the cases remanded to the trial court for further proceedings.
REVERSED and REMANDED.
MONACO and TORPY, JJ., concur.