STRINGER, Judge.
The State appeals the dismissal of an information filed against Delcia Suazo. Because Suazo never filed a written motion to dismiss, we reverse.
On November 1, 2006, the State filed an information charging Suazo with one count of driving while her license was revoked as a habitual offender. At a change of plea hearing, Suazo intended to plead guilty to a reduced charge of driving with no valid license as part of a plea agreement with the State. However, after hearing the factual basis for the charge, instead of accepting Suazo’s plea the trial court asked Sua-zo if she wanted to move to dismiss the charge against her. Suazo accepted the trial court’s offer and orally moved to dismiss. Over the State’s objection that dismissal would be improper because no written motion to dismiss had been filed, the trial court dismissed the charge with prejudice. The State then brought this appeal.
Florida Rule of Criminal Procedure 3.190(a) requires that a motion to dismiss *1274 be in writing. This court has repeatedly held that it is improper for a trial court to dismiss charges when the defendant has not filed a written motion to dismiss. State v. Reedy, 862 So.2d 941, 942 (Fla. 2d DCA 2004); State v. Alexander, 831 So.2d 1252, 1253 (Fla. 2d DCA 2002); State v. Pope, 674 So.2d 901, 901 (Fla. 2d DCA 1996). These cases hold that the remedy for the improper dismissal is reversal and remand for further proceedings. Reedy, 862 So.2d at 942; Alexander, 831 So.2d at 1253; Pope, 674 So.2d at 901.
In this case, Suazo did not file a written motion at any time prior to the dismissal of the charge against her. As Suazo properly concedes in this appeal, it was error for the trial court to grant her oral motion to dismiss. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded for further proceedings.
SILBERMAN, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.