NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,               )
                                )
     Appellant,            )
                                )
v.                              )     Case No. 2D15-2718
                                )
A.J.,                           )
                                )
     Appellee.             )
                                )
_____ )

Opinion filed February 14, 2018.

Appeal from the Circuit Court for
Hillsborough County; Ralph C. Stoddard,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa,
for Appellant.

Howard L. Dimmig, II, Public Defender,
and Clark E. Green, Assistant Public
Defender, Bartow, for Appellee.


CRENSHAW, Judge.

       The State appeals the dismissal of a marijuana possession charge against

A.J.  The trial court dismissed the charge—over the State's repeated objections—after

A.J. had orally moved for dismissal on the basis that she had returned six consecutive

negative drug screens as the court had ordered. Because the dismissal was error, we must reverse.

The State charged A.J. with one count of possessing less than twenty grams of a controlled substance—marijuana—after a school official found a "marijuana blunt" in A.J.'s makeup bag during a search. At a status conference on April 30, 2015, the court offered to dismiss the charges if A.J. satisfied her case manager's drug treatment program at the end of three months, after the case manager had reported that A.J. had returned four consecutive negative drug screens between February 26 and April 25. In response to concerns from defense counsel about objections the State may have to this offer, the court stated that "I don't care whether they do or do not. . . . It's not their call."

At the next status conference on May 28, 2015, A.J. moved for dismissal of the charges, arguing that "she had six consecutive negative drug screens and that was the offer made to her by the court, not only on the date of arraignment, but [also at] her last status conference." The State argued that "there's no basis for the [c]ourt to dismiss. There's no motions. It's not a trial. It's not within the [c]ourt's purview . . . for the [c]ourt to just outright dismiss." However, the court granted A.J.'s oral motion.

The State's discretion to prosecute is "absolute," Barnett v. Antonacci, 122 So. 3d 400, 405 (Fla. 4th DCA 2013) (quoting State v. Cain, 381 So. 2d 1361, 1367 (Fla. 1980)), and "inviolate," State v. Greaux, 977 So. 2d 614, 615 (Fla. 4th DCA 2008) (citing State v. Wheeler, 745 So. 2d 1094, 1096 (Fla. 4th DCA 1999)). "[I]n the absence of [a] statute or motion to dismiss, the decision whether to prosecute or to dismiss charges is a determination to be made by solely the State." State v. Brosky, 79 So. 3d

134, 135 (Fla. 3d DCA 2012). This discretion trumps the court's belief regarding whether the interests of the public and the parties are best served by a dismissal. Id. (first citing State v. Cleveland, 390 So. 2d 364, 367 (Fla. 4th DCA 1980), approved, 417 So. 2d 653 (Fla. 1982); and then citing Wheeler, 745 So. 2d at 1096). Additionally, Florida Rule of Criminal Procedure 3.190(a) requires that a motion to dismiss "be in writing and signed by the party making the motion or the attorney for the party," and "[t]his court has repeatedly held that it is improper for a trial court to dismiss charges when the defendant has not filed a written motion to dismiss." State v. Suazo, 973 So. 2d 1273, 1274 (Fla. 2d DCA 2008) (citing cases).

Here, A.J.'s motion was not in writing, but made orally at the status conference. In addition, no "good cause" was shown by A.J. so as to permit the court to waive the requirement that the motion be in a signed writing. See Fla. R. Crim. P. 3.190(a). The court therefore erred in granting A.J.'s oral motion to dismiss. See Suazo, 973 So. 2d at 1274; State v. Reedy, 862 So. 2d 941, 942 (Fla. 2d DCA 2004) (holding that the trial court erred in dismissing grand theft charges where motion to dismiss was not in writing and the State did not have time to prepare its response).

Moreover, the State repeatedly argued—to no avail—that there was no authority for the court to enter a dismissal. It is apparent from the transcripts of the status conferences that the court "fashioned" this form of "sanction" because it did not consider juvenile drug court—which the State had offered—as suitable for A.J.'s needs and circumstances, considering that A.J. would have to be removed from school three times per week to attend and that there would be transportation issues getting her to and from drug court. In fact, at the first status conference, the trial court remarked that

the juvenile drug court program had a "one size fits all approach" and stated that "I will do what I think is best for this child because she is my child and in my care." The court's dismissal constituted an improper infringement upon the State's discretion to prosecute. See Wheeler, 745 So. 2d at 1096.

As the Fourth District stated in Wheeler, "[n]otwithstanding the court's belief that the best interests of the public and the parties would be served by dismissal, it is the state attorney who 'must still make the final determination as to whether prosecution will continue.' " Id. (quoting Cleveland, 390 So. 2d at 367). In State v. Plate, 929 So. 2d 617, 618 (Fla. 5th DCA 2006), for instance, the trial court had dismissed a charge of obtaining a motor vehicle by fraud against Plate, "apparently in an effort to save Plate's military career." The Fifth District found this was an abuse of discretion "[n]otwithstanding the trial court's good intentions." Id. The Fifth District also found an abuse of discretion "[n]otwithstanding the trial court's good intentions," where the trial court had dismissed two charges related to the defendant's driving without a license, apparently influenced by the defendant's efforts to obtain a license, the cost of prosecuting, and the interests of judicial efficiency. State v. Franklin, 901 So. 2d 394, 395 (Fla. 5th DCA 2005).

Here, like in Plate and Franklin, the trial court—notwithstanding its "good intentions"—abused its discretion in dismissing the charge against A.J. over the State's objections, based on its perspective of the most suitable way to address A.J.'s circumstances. The decision whether to prosecute or to dismiss the charges against A.J. was vested solely in the State. See Brosky, 79 So. 3d at 135. Accordingly, we reverse and remand for further proceedings. See Suazo, 973 So. 2d at 1274 (first citing

- 4 -

Reedy, 862 So. 2d at 942; then citing State v. Alexander, 831 So. 2d 1252, 1253 (Fla.

2d DCA 2002); and then citing State v. Pope, 674 So. 2d 901, 901 (Fla. 2d DCA 1996)).

Reversed and remanded for further proceedings.


LaROSE, C.J., and LUCAS, J., Concur.