IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

 v.                                      Case No.  5D17-2362

MARK BRADLEY SNOOK,

      Appellee.

_____/

Opinion filed May 25, 2018

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
Rocco J. Carbone, III, Assistant Public
Defender, Daytona Beach, for Appellee.

PER CURIAM.

The State of Florida appeals the dismissal of the information charging Snook with
driving while his driver's license was canceled, suspended or revoked as a habitual
offender, a third-degree felony.  The State argues that the trial court did not have a valid
legal basis for dismissing the charge.  We agree.

After defense counsel stated at a sidebar that he was ready for trial, the trial court indicated that upon an oral motion it would dismiss the case because Snook had his license back and there were more serious cases on the docket. Back on the record, the trial court advised defense counsel to make his oral motion. Defense counsel simply stated, "Your Honor, the defense moves to dismiss." After Snook made several unsworn statements, the trial court, over the State's objection, granted the ore tenus motion to dismiss, finding that Snook no longer deserved to be prosecuted and doing so would put "him back on the treadmill of failure."

While the trial court may have had good intentions, it abused its discretion when it dismissed the case without a valid legal ground. See Fla. R. Crim. P. 3.190(c)(4) (2016); State v. Franklin, 901 So. 2d 394, 395 (Fla. 5th DCA 2005) (finding trial court abused its discretion when it sua sponte dismissed charges over State's objection based on defendant's efforts to obtain a license, the cost to taxpayers to prosecute, and "the best interest of judicial economy"); see also State v. A.J., 43 Fla. L. Weekly D352 (Fla. 2d DCA Feb. 14, 2018) (finding trial court abused its discretion when it granted juvenile's oral motion to dismiss over State's objection based upon trial court's perspective of most suitable way to address juvenile's circumstances); State v. Brosky, 79 So. 3d 134, 135 (Fla. 3d DCA 2012) (emphasizing that prosecutor's discretion to charge and prosecute criminal acts cannot be thwarted by trial court's belief that the public or the parties would be better served by dismissal (citing State v. Cleveland, 390 So. 2d 364, 367 (Fla. 4th DCA 1980), approved by, 417 So. 2d 653 (Fla. 1982))); State v. Wheeler, 745 So. 2d 1094, 1096 (Fla. 4th DCA 1999) (explaining that despite trial court's belief that dismissal is in best interest of public and parties, the state attorney makes final determination to

2

prosecute); State v. Burnett, 468 So. 2d 1119, 1120 (Fla. 4th DCA 1985) (highlighting that rules of criminal procedure enumerate grounds for dismissal and trial court's dismissal of charges without valid legal ground was tantamount to a nolle prosequi, an action vested solely in discretion of State). Accordingly, we reverse and remand for further proceedings.

REVERSE and REMAND.

EVANDER, BERGER and WALLIS, JJ., concur.