# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2305
Lower Tribunal No. B23-10074
_____

**The State of Florida,**
Appellant,

vs.

**Andre Adams,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

James Uthmeier, Attorney General and Sandra Lipman, Senior Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender and John Eddy Morrison, Assistant Public Defender, for appellee.

Before LOGUE, C.J., and GORDO and BOKOR, JJ.

GORDO, J.

The State of Florida ("State") appeals from an order dismissing an open carry charge against Andre Adams ("Adams"). We have jurisdiction. Fla. R. App. P. 9.140(c)(1)(A). For the reasons that follow, we reverse.

**I.**

On May 23, 2023, a Miami-Dade police officer conducted a traffic stop of a vehicle driven by Adams. During the stop, the officer observed a loaded handgun on top of the passenger seat. Adams was subsequently arrested and charged with one count of open carrying of a weapon in violation of section 790.053, Florida Statutes (2022),[1] and one count of resisting an officer without violence in violation of section 843.02, Florida Statutes.

---

[1] Section 790.053(1), Florida Statutes (2022) provides:

> Except as otherwise provided by law and in subsection (2), **it is unlawful for any person to openly carry on or about his or her person any firearm or electric weapon or device.** It is not a violation of this section for a person licensed to carry a concealed firearm as provided in s. 790.06(1), and who is lawfully carrying a firearm in a concealed manner, to briefly and openly display the firearm to the ordinary sight of another person, unless the firearm is intentionally displayed in an angry or threatening manner, not in necessary self-defense.

§ 790.053(1), Fla. Stat. (2022) (emphasis added).

The trial court held a pretrial hearing. After briefly hearing the factual basis for the open carry charge, the trial court asked Adams, who had not previously moved to dismiss, if he wanted to move to dismiss the charge:

> [THE COURT]: It seems to me that the facts are undisputed in this case as to the open carry charge, okay? And it appears to me that there's no allegation by the State that the weapon was carried on or about his person. And, so, I'm going to ask for a stipulation as to that fact. If – If that is, in fact, the case, then – And we need to get that confirmed but I understand that to be the case. **And I will entertain a late motion to dismiss if the Defense wishes to do so** because the fact is, it doesn't support – the stipulation does not support a charge of open carry. It has to be on or about the person. This is not a case of possession where constructive possession counts. The statute specifically says that the weapon must be carried on or about their person. Having a weapon in your vehicle does not qualify as having it on or about their person.
>
> . . .
>
> [THE COURT]: Okay. So, Mr. Perez, I think that now that we are in a trial posture, everybody's got a pretty good grasp of the facts and it sounds like everybody is in agreement that at this point the facts are clear that the defendant was pulled over and a weapon was discovered in his car. There is not going to be any evidence presented and there has been no evidence uncovered during discovery that reveals that the defendant had on or about his person a weapon. We can talk about the legal argument as to constructive possession and those issues but I want to get the facts out of the way first. Do you have any disagreement or do you object to any such stipulation

3

that he was pulled over and that's how the weapon was discovered?

(Emphasis added).

The State supplemented the subject firearm "was unsecured meaning it was not in a holster or any sort of other compartment that would otherwise make it secure or encased. And it was found in plain view on top of the passenger seat directly next to the defendant who was driving, and it was within a close proximity in such a manner that it could have been retrieved immediately." In turn, Adams supplemented there was a "partial obstruction of the firearm . . . it was plastic cup lids." The following exchange then took place:

> [THE COURT]: Okay. The – I think the key being everybody stipulates the defendant was pulled over. He was not seen by an officer carrying a weapon. The weapon was discovered on a seat or in the vehicle, not on his person –
>
> [DEFENSE COUNSEL]: Correct.
>
> [THE COURT]: – okay?
>
> [PROSECUTOR]: I just – I do disagree with that characterization that he was not seen carrying the firearm because it was right next to him. But I know Your Honor's about to go into that.
>
> [THE COURT]: Fair enough. So, we can agree to the facts that we've – that we've just discussed; is that correct? We don't need to take testimony or have an evidentiary hearing? Defense, you stipulate –

4

[DEFENSE COUNSEL]: That – That is correct, Your Honor.

[THE COURT]: – with your supplementation? And, State, you stipulate?

[PROSECUTOR]: (No verbal response.)

[THE COURT]: Okay. So, if – **if Defense would like to argue a motion, I'll entertain it at this time.** You know, 3.190 states as follows – Well, it states that a motion to dismiss where there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant is one of the key – the key parts of this.

[PROSECUTOR]: So, Your Honor –

[THE COURT]: It must be in writing unless the Court waives the requirement to be writing for good cause shown and the State could file a traverse but, like I said, I think we have the stipulation of facts.

(Emphasis added).

The State strongly objected to an *ore tenus* motion to dismiss, arguing the motion should be in writing so the State would have an opportunity to prepare its version of the facts for consideration by the trial court. The trial court responded:

[THE COURT]: Well, I mean, in terms of preparation for the argument, State, it's no different than dealing with this at a directed verdict or a judgment of acquittal phase, right? We're just sparing the unnecessary expense and wasting of time on trying a charge that – for which the facts are undisputed

5

and do not support a prima facie case of guilt if that, in fact, is what I decide. [It] sounds like there's not a factual dispute here, so a traverse would be in essence a waste of time. Defense, why did you not file this motion earlier?

[DEFENSE COUNSEL]: Your Honor, there – there – It seems there wasn't exactly a factual dispute but it – I believe that there was a – maybe a difference in interpretation that has come to light now that we are now clear on. And that is why we are now making this ore tenus motion to dismiss.

Adams accepted the trial court's offer and orally moved to dismiss, arguing the subject firearm was never "carried" because it was not on his person. The State responded the firearm was "about" Adams' person because it was "in the passenger seat right next to him" and that is sufficient to support an open carry charge.

The trial court addressed the open carry statute:

[THE COURT]: Quite simply, a defendant driver traveling in a private vehicle with a gun on the passenger seat may be violating other laws but certainly is not openly carrying a weapon [on] or about his person. The concept of constructive possession and openly carrying something on or about your person are distinct concepts under the law. And these concepts are available to the legislature because constructive possession is an established doctrine that exists. And they could have easily put into the text of the statute that – in fact, they have in felon and possession cases, right? They speak to possession. This statute does not speak to possession. I decline to write words into the statute that do not exist. And therefore I hold that a

6

defendant driver traveling in a private vehicle with a licensed gun on the passenger seat, a lawfully owned gun with a permit, is not openly carrying a weapon on or about his person to support a charge under 790.053. Therefore, I will dismiss that charge.

. . .

[PROSECUTOR]: Your Honor, it's the State's position that this a highly factual determination. Florida courts have already stated that the mere fact that tinted windows – the mere fact that a firearm is found within a vehicle that has tinted windows does not automatically make it concealed. As it pertains to the Court's reasoning when it comes to what it means to have a firearm on or about someone's person, it is the State's position that it would – the Court's ruling would effectively make redundant the words 'about.' If – If on or about were to only mean that it had to be in the person's manual possession or on the person's actual body, then there leaves very little to actually no application for the word 'about.'

[THE COURT]: Well, it does say they must be openly carrying it on or about his person. So, the Court's position is that you're not carrying it if it's on the passenger seat and you are the driver. That's not carrying it. Whether it's on or about his person doesn't render the words moot. Are they carrying it or not? This Court holds that it's on the passenger seat. You're not openly carrying it, period. We know what carrying means. We all speak English. I give that word the – it's common definition and I don't – I understand the State's position and it's noted for the record but the – the material facts here that are relevant to the Court's ruling are not disputed. And the Court holds that that weapon being on the passenger seat in a private conveyance traveling on the highway is not being openly carried by the

7

defendant and therefore is insufficient to support the charge. That count is dismissed.

Over the State's objection, the trial court dismissed the open carry charge. In dismissing the charge, the trial court relied on the decision in State v. Burris, 875 So. 2d 408, 412 (Fla. 2004), wherein the Florida Supreme Court defined the term "carry" as "holding, supporting, or bearing." The trial court ruled:

> [T]he Court adopts the Florida Supreme Court's interpretation of the word 'carry' in the context of Fla. Stat. § 790.053 and holds that a defendant driving a private vehicle with a firearm on the passenger seat, which defendant was not alleged to have held, supported, or borne said firearm, does not 'openly carry such firearm on or about his or her person' for purposes of sustaining a charge of open carry under Fla. Stat. § 790.053.

This appeal followed.

## II.

"Whether the trial court properly granted a motion to dismiss pursuant to Rule 3.190(c)(4) is reviewed de novo." State v. Sholl, 18 So. 3d 1158, 1160 (Fla. 1st DCA 2009). "[O]n a motion made pursuant to Rule 3.190(c)(4), the state is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant." State v. Ortiz, 766 So. 2d 1137, 1142 (Fla. 3d DCA 2000).

8

**III.**

On appeal, the State argues the trial court erred in granting Adams' *ore tenus* motion to dismiss the open carry charge.

Florida Rule of Criminal Procedure 3.190(c)(4) enumerates the grounds upon which the court may entertain a motion to dismiss. The rule permits a defendant to move to dismiss a charge when "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Fla. R. Crim. P. 3.190(c)(4). Rule 3.190(a) requires that a motion to dismiss be in writing. See Fla. R. Crim. P. 3.190(a) ("Every pretrial motion and pleading in response to a motion **shall** be in writing and signed by the party making the motion or the attorney for the party.") (emphasis added). "This requirement may be waived" **only** upon a showing of good cause. Id.

We find it was error for the trial court to grant the *ore tenus* motion to dismiss. Adams did not file a written motion at any time prior to the dismissal of the charge and no "good cause" was shown by Adams so as to permit the trial court to waive the requirement that the motion be in writing. The oral motion, which was generated directly by the trial court's inquiry, precluded the State from placing its position or sworn version of the facts before the

9

court as contemplated by Florida Rule of Criminal Procedure 3.190(d).[2] This was reversible error. See State v. Suazo, 973 So. 2d 1273, 1274 (Fla. 2d DCA 2008) ("This court has repeatedly held that it is improper for a trial court to dismiss charges when the defendant has not filed a written motion to dismiss . . . [T]he remedy for the improper dismissal is reversal and remand for further proceedings. In this case, Suazo did not file a written motion at any time prior to the dismissal of the charge against her. As Suazo properly concedes in this appeal, it was error for the trial court to grant her oral motion to dismiss."); State v. Reedy, 862 So. 2d 941, 942 (Fla. 2d DCA 2004) (holding that the trial court erred in dismissing charges where motion to dismiss was not in writing and the State did not have time to prepare its response); State v. Alexander, 831 So. 2d 1252, 1253 (Fla. 2d DCA 2002) ("Rule 3.190 requires that a motion to dismiss be in writing. Accordingly, it was improper for the trial court to dismiss the charges against Alexander.").

We note that "[t]he requirement of judicial impartiality is at the core of our system of criminal justice." McFadden v. State, 732 So. 2d 1180, 1184 (Fla. 4th DCA 1999). "The law in Florida is clear—a judge may not enter into the fray by giving 'tips' or legal advice to either side." State v. Dixon, 217 So.

---

[2] Rule 3.190(d) provides that "[t]he state may traverse or demur to a motion to dismiss that alleges factual matters." Fla. R. Crim. P. 3.190(d).

3d 1115, 1126 (Fla. 3d DCA 2017) (quoting <u>Chastine v. Broome</u>, 629 So. 2d 293, 295 (Fla. 4th DCA 1993)). "When a judge enters into the proceedings and becomes a participant or an advocate, a shadow is cast upon judicial neutrality." <u>Id.</u> (quoting <u>R.O. v. State</u>, 46 So.3d 124, 126 (Fla. 3d DCA 2010)); <u>see also</u> <u>Marquardt v. State</u>, 156 So. 3d 464, 482-83 (Fla. 2015) ("A judge may not step away from the appearance of neutrality and advocate for either party or interject himself or herself into the proceedings.").

Here, it is clear Adams would not have moved to dismiss *ore tenus* without prompting by the trial court over the State's objection. The purpose of allowing the State to file a traverse to a motion to dismiss is to allow an opportunity for the development of facts prior to the dismissal of criminal charges. In dismissing the open carry charge, the trial court solely addressed the term "carry" without any consideration for the phrase "on or about." Given the extensive caselaw throughout our state defining "on or about the person" to mean "physically on the person or readily accessible to him," <u>Ensor v. State</u>, 403 So. 2d 349, 354 (Fla. 1981), the dismissal of the open carry charge against Adams may or may not have been error. We cannot discern as much because the trial court did not allow for the proper

development of facts.   Accordingly, we reverse and remand for further proceedings.[3]

Reversed and remanded for further proceedings.

---

[3]  We do not address whether the firearm on the passenger seat next to Adams was "on or about" his person or "readily accessible" to him within the meaning of the open carry statute.  Generally, this is a question for the trier of fact.  See Ensor, 403 So. 2d at 354 ("The term 'on or about the person' means physically on the person or readily accessible to him.  This generally includes the interior of an automobile and the vehicle's glove compartment, whether or not locked."); Arnesman v. State, 540 So. 2d 219, 220 (Fla. 2d DCA 1989) ("Our supreme court in Ensor . . . has clearly stated that the determination of whether a firearm is concealed, and the inextricably linked question of whether a firearm, if concealed, is 'on or about the person,' is the ultimate question in the prosecution of such a case and 'must rest upon the trier of fact under the circumstances of each case.'  As such, it is not susceptible to a motion to dismiss." (quoting Ensor, 403 So. 2d at 355)); State v. Smith, 67 So. 3d 409, 414 (Fla. 4th DCA 2011) (reversing dismissal of carrying a concealed firearm charge: "Here, Smith concealed the firearm underneath the passenger seat as the deputy approached the vehicle.  We cannot say as a matter of law that the firearm was not 'on or about his person' or not 'readily accessible' to him."); State v. Prigge, 907 N.W.2d 635, 637-41 (Minn. 2018) (reviewing the issue of whether a person is "carrying a pistol on or about the person's clothes or person" when that person is driving a vehicle with a handgun in the center console and holding: "To summarize, a pistol is carried 'on or about' one's person or clothing if there is either a physical nexus between the person and the pistol or if the pistol is carried within arm's reach of the person . . . Whether a pistol is 'about' a person, that is, within arm's reach of the intoxicated person who is carrying it, is a question of fact.  In this case, the state alleged—and the parties agree—that a loaded handgun was found in the center console of the vehicle.  Based on that factual allegation, the State's sworn complaint was sufficient to survive Prigge's motion to dismiss.") (footnote omitted).